ELRY HOLLOWAY AND WIFE, PEGGY S. HOLLOWAY v. BILL E. MEDLIN AND WIFE, RUBY L. MEDLIN, CENTRAL CAROLINA BANK & TRUST COMPANY, TRUSTEE, AND SECURITY SAVINGS & LOAN ASSOCIATION

No. 6814DC365

(Filed 20 November 1968)

1. **Evidence § 32— parol evidence rule**

   No verbal agreement between parties to a written contract, made before or at the time of the execution of the contract, is admissible to vary its terms or to contradict its provisions, it being presumed that the writing merged therein all prior and contemporaneous negotiations.

2. **Evidence § 32— parol evidence rule**

   The parol evidence rule has no application to written or parol agreements made subsequent to the written instrument.

3. **Evidence § 32; Contracts § 26— parol agreements changing terms of written contract**

   In an action to recover upon a written contract to build a house, the court properly excluded defendant's evidence of conversations and agreements with plaintiffs prior to the date the written contract was entered and correctly admitted plaintiffs' evidence of changes in the contract made by the parties after that date.

4. **Appeal and Error § 32— assignments of error to the issues**

   Where appellant made no objection or exception at the trial to the issues submitted or to the court's refusal to submit issues tendered, appellant may not challenge the issues for the first time on appeal in his assignments of error.

5. **Appeal and Error § 31— assignments of error to court's review of the evidence**

   Assignments of error to the court's recapitulation of the evidence will be overruled where appellants made no suggested corrections to the trial court and the court charged the jury to use their own recollection of the evidence.

**6. Trial § 32— consideration of issues submitted**

    An instruction that the jury might consider together two issues, one of which the plaintiff has the burden of proof and the other of which the defendants have the burden of proof, *is held* to constitute prejudicial error.

**7. Contracts § 28; Damages § 16— contract action — instructions as to damages — burden of proof**

    In an action for breach of a construction contract, an instruction that the jury could answer the issue as to plaintiffs' damages "in such amount as you feel they are entitled to under the evidence" *is held* to relieve the plaintiffs of their burden of proof to satisfy the jury by the greater weight of the evidence and constitutes prejudicial error.

**8. Trial § 33— instructions not based on evidence**

    An instruction about a material matter not based on sufficient evidence is erroneous.

APPEAL by defendants Bill E. Medlin and wife, Ruby L. Medlin, from *Lee, J.,* March 1968 Civil Session District Court Division, DURHAM County.

Plaintiffs allege that on 8 February 1967 they entered into a contract with individual defendants for the construction of a house on defendants' lot at a price of $17,500. Subsequently the contract was amended by oral agreements between the parties and, after allowance for all debits and credits for subsequent oral modifications, a net contract price of $17,152 resulted. Work was begun on the house on 1 March 1967, and completed on or about 10 May 1967. Payment under the contract was due 10 days from and after completion. Defendants have paid $14,800 and although demand has been made, defendants have refused to pay the balance due of $2,352. On 31 October 1967, plaintiffs filed a notice of lien. Central Carolina Bank & Trust Company is trustee under a deed of trust executed by the individual defendants securing a note in the amount of $15,000 to Security Savings & Loan Association. Plaintiffs ask for recovery of $2,352 with interest from 20 May 1967, and sale of the property to satisfy such indebtedness as plaintiffs recover of individual defendants.

Individual defendants answered, admitted a contract was entered into, denied the amount, denied oral agreements modifying, denied the job had been completed in a workmanlike manner, denied the net resulting contract price was $17,152, admitted the payment of $14,800 and demand for $2,352, admitted the notice of lien, admitted the note and deed of trust, but averred that there remains on deposit with Security Savings & Loan Association the sum of $2,000.

As a further answer and defense, set-off, and counterclaim individual defendants allege that the house is constructed in a "poor workmanlike" manner and not in compliance with the contracts entered into and not in accordance with the plans and specifications. Individual defendants listed some 20 items allegedly not in compliance totaling $2,217.50. They also alleged a contract of 8 March 1967 amending the 8 February contract. They owed on the original contract as amended $16,356, have paid $14,800, "leaving a balance due upon the original contract and as amended based upon the faithful and good performance of the same $1,556.00, which the defendants Bill E. Medlin and wife, Ruby L. Medlin, specifically plead as a set-off against any balance due upon said contract." Individual defendants allege they have been damaged $661.50 as a result of the failure of plaintiffs to perform the contract, that demand has been made and payment refused.

Plaintiffs' reply to the set-off and counterclaim of individual defendants admitted credits due totaling $47 but averred that these had been allowed in the complaint; admitted payment of $14,800; and admitted that defendants had made demand upon them for certain money allegedly due. All other allegations of the set-off and counterclaim are denied.

Upon issues answered by the jury in favor of the plaintiffs, the court entered judgment against the individual defendants in favor of plaintiffs in the amount of $2,352 and provided that the judgment be a lien against the property described in the complaint from 8 February 1967, subject only to the lien of the deed of trust to Central Carolina Bank & Trust Company, Trustee, to which lien the plaintiffs agreed to subordinate their materialman's and laborer's lien. The judgment also provided that funds of individual defendants on deposit with Security Savings & Loan Association be transferred to plaintiffs in partial satisfaction of the judgment and directed individual defendants to endorse such disbursement drafts as may be necessary to effect such transfer. Individual defendants appealed.

*Newsom, Graham, Strayhorn & Hedrick by Josiah S. Murray, III, for plaintiff appellees.*

*Brooks and Brooks by Eugene C. Brooks, III, for Bill E. Medlin and wife, Ruby L. Medlin, defendant appellants.*

MORRIS, J.

Defendants make 35 assignments of error based on some 69 exceptions. The errors assigned have primarily to do with two facets

of the trial: one, the application by the trial court of the parol evidence rule; and, two, errors in the charge to the jury.

The trial court refused to allow the individual defendants to testify concerning conversations had and purported agreements had with plaintiffs prior to 8 February 1967, the date of the written contract between plaintiffs and defendants Medlin. Defendants Medlin contend this was error. Defendants' Exhibit 1 is entitled "Changes Medlin Job". It contains a series of handwritten additions and subtractions, some of which are labeled and some of which are not. It bears the figures "3/18/67" and bears the signatures of B. E. Medlin and Peggy S. Holloway on the front thereof. On the back thereof appears handwritten "additions" and "deductions". Defendants earnestly contend that this constitutes a written contract and that the court erred in admitting any testimony with respect to changes in the 8 February 1967 contract other than those listed on Defendants' Exhibit 1. Defendants Medlin also urge that any testimony tending to explain the entries on Defendants' Exhibit 1 should have been excluded.

[1-3]    These contentions and the assignments of error relating thereto are without merit. "No verbal agreement between parties to a written contract, made before or at the time of the execution of such contract, is admissible to vary its terms or to contradict its provisions. *Insurance Co. v. Morehead*, 209 N.C. 174, 183 S.E. 606. It will be presumed that the writing merged therein all prior and contemporaneous negotiations. *Neal v. Marrone*, 239 N.C. 73, 79 S.E. 2d 239." *Fox v. Southern Appliances*, 264 N.C. 267, 141 S.E. 2d 522. The court properly excluded testimony with respect to conversations and agreements prior to 8 February 1967 not incorporated in the contract of that date and contradictory of its terms. The rule, however, has no application to agreements subsequent to the written instrument, whether those agreements be in writing or oral. Stansbury, N. C. Evidence 2d, § 258, p. 623, and cases there cited. There is nothing on the face of Defendants' Exhibit 1 nor in the evidence to indicate that this is or was ever intended to be a contract. There is nothing in the document itself which gives any meaning to the figures appearing thereon, no language indicating mutual contractual obligations, no execution by two of the parties to the 8 February 1967 contract, nothing indicating an agreement between the two signatories that an accounting between them with respect to changes had been finalized. The court correctly admitted testimony as to changes after 8 February 1967 and up to the completion of the construction together with testimony tending to explain Defendants' Exhibit 1.

[4]　Assignments of error 16 and 17 are directed to the issues submitted to the jury. These exceptions to the issues are noted for the first time in the charge of the court in the record on appeal. Nothing in the record indicates that appellants objected and excepted to the submission of these issues nor does the record reveal that appellants tendered issues for submission to the jury and excepted to the court's refusal to submit any tendered issue. Appellant may not, therefore, challenge the issues for the first time on appeal in his assignments of error. *Wooten v. Cagle*, 268 N.C. 366, 150 S.E. 2d 738.

[5]　Assignments of error 19, 20, 21, 22 and 23 are all addressed to the court's recapitulation of the evidence, the contention being that the recapitulation, in many instances, does not conform to the evidence. The record does not indicate that appellants suggested any corrections to the court. The court specifically charged the jury to use their own recollection of the evidence, they being the sole triers of the facts. These assignments are overruled. See *State v. Lambe*, 232 N.C. 570, 61 S.E. 2d 608.

[6, 7]　The court properly placed the burden of proof on the first issue and second issue on the plaintiffs and on the defendants with respect to the third issue and the fourth issue. Appellants' assignments of error 27 and 28 are addressed to the following portion of the charge:

> "That takes us to the third issue, members of the jury, that is, 'Did the plaintiffs breach their construction contract by failing to perform　same in an efficient and workmanlike manner?' On that issue the burden of proof is upon the defendant. Issues 2 and 3 must be taken together. You can answer #2 for the plaintiffs in such an amount as you feel they are entitled to under the evidence. Then #3 is a separate matter."

To instruct the jury to consider together two issues with respect to one of which the plaintiff has the burden of proof and with respect to the other of which the defendants have the burden of proof we think is so confusing to the jury as to be prejudicial error. Additionally, the instruction "You can answer #2 for the plaintiffs in such an amount as you feel they are entitled to under the evidence" relieves the plaintiffs of their burden of proof to satisfy the jury by the greater weight of the evidence and constitutes prejudicial error.

Assignment of error 18 is addressed to that portion of the charge as follows:

> "If, in order to conform the work to the contract requirements, a substantial part of what has been done by the contractor must

be undone and the contractor has acted in good faith, or the owner has taken for granted (sic), the owner is not permitted to recover the cost of making the change, but may recover the difference in value."

[8]    This portion of the charge was given in connection with the charge on substantial performance. We assume that the words "for granted" should have read "possession". Nevertheless, the record contains no evidence of value and no evidence requiring this charge. This portion of the charge is, therefore, subject to a valid exception. "An instruction about a material matter not based on sufficient evidence is erroneous. In other words, it is error to charge on an abstract principle of law not raised by proper pleading and not supported by any view of the evidence." *Dunlap v. Lee*, 257 N.C. 447, 126 S.E. 2d 62.

Since these errors require a new trial, and matters complained of by other assignments of error are not likely to occur upon another trial of the matter, we do not deem it necessary to discuss them.

New trial.

MALLARD, C.J., and CAMPBELL, J., concur.