J. T. DUNN, T/A J. T. DUNN HEATING CO. v. J. C. BROOKSHIRE

No. 7026SC199

(Filed 27 May 1970)

1. Trial § 51— motion to set aside verdict — discretion of court — appellate review

   A motion to set aside the verdict is addressed to the sound discretion of the trial court, and the refusal to grant the motion is not appealable in the absence of manifest abuse of discretion.

2. Trial § 51; Contracts § 27— action on contract — sufficiency of evidence to support verdict

   In this action for the difference between the reasonable value of heating and cooling units installed by plaintiff and the amount received from defendant, verdict for plaintiff was supported by plaintiff's evidence as to the amount of time spent on the job, materials used, incidental work done at defendant's request, and the reasonable value of the materials and services for which he contends defendant agreed to pay.

3. Appeal and Error § 24— necessity for objection or motion to strike

   When there is no objection to an offer of evidence or a motion to strike after its admission, any objection or exception is waived.

4. Trial § 42— verdict allowing recovery by both parties — consistency

   Jury's verdict answering amounts which each party was entitled to recover from the other is not inconsistent where plaintiff's recovery was for the balance owed by defendant for the installation of heating and air conditioning units, and defendant's recovery upon his counterclaim was for a loan made to plaintiff and for a stud gun which plaintiff took and failed to return, which was separate and distinct from plaintiff's claim.

5. Trial § 40— necessity for submitting several issues to jury

   When the pleadings and evidence raise several issues, the submission of a single issue as to the amount each party is entitled to recover is not good practice.

6. Appeal and Error § 31— error in recapitulation of evidence

   Assignment of error that in recapitulating the evidence the trial court erroneously used the figure $11,500 instead of $11,000 is overruled where appellant did not suggest any correction to the court and the court charged the jury to use their own recollection of the evidence.

APPEAL by defendant from *Hasty, J.,* 3 November 1969 Schedule D Jury Session of MECKLENBURG Superior Court.

The plaintiff commenced this action on 25 February 1969 by filing a complaint in which he alleged that he had entered into a contract with the defendant in November 1967 by which the plaintiff was to furnish and install six Janitrol heating and cooling combination rooftop units on buildings owned by the defendant and that de-

fendant agreed to pay plaintiff the reasonable value therefor. Plaintiff further alleged that the installation was completed pursuant to the contract and accepted by the defendant. Plaintiff prayed for judgment in the amount of $10,100.00; this being the difference between the alleged reasonable value of his services, $21,600.00 and the amount he has received from the defendant, $11,500.00.

The defendant, J. C. Brookshire, answered denying the existence of the contract as stated in the complaint. As a further answer and defense he alleged a written contract dated 13 November 1967 which was subsequently modified by two separate oral agreements. Defendant further alleged that under the contract as modified, the total sum to have been paid by defendant was $10,922.55 and that defendant paid plaintiff $11,000.00.

In defendant's further answer and counterclaim against the plaintiff it is alleged that plaintiff failed to service the units as he agreed to do which damaged defendant in the amount of $100.00, that defendant was due a refund in the amount of $77.45 for overpayment on the contract, that defendant was due $82.40 for a stud gun which plaintiff took and failed to return, and that plaintiff had used a defective thermostat in one of the units which defendant replaced at a cost of $35.00. As a second cause of action in his counterclaim, defendant alleged that in August 1969 he loaned the plaintiff $500.00 which plaintiff has failed to repay. Defendant sought damages in the amount of $294.85 in his first cause of action and $500.00 in his second.

Two issues, as agreed upon by counsel, were presented to the jury, which were as follows:

"1.   What amount, if any, is the defendant indebted to the plaintiff?   Answer............ .

2.   What amount, if any, is the plaintiff indebted to the defendant?   Answer.............."

The first issue was answered in the amount of $3,625.00; the second, $582.40. Defendant moved to set aside the verdict as being contrary to the weight of the evidence. The motion was denied. Defendant appeals.

Ray Rankin for plaintiff appellee.

Kurtz and Ashendorf by William H. Ashendorf for defendant appellant.

VAUGHN, J.

**[1-3]** Defendant's first assignment of error is that the trial judge committed error in his failure to set aside the verdict because plaintiff failed to present any probative or substantive evidence tending to show that the reasonable value of his services amounted to more than that already paid to the plaintiff and that the verdict was, therefore, contrary to the weight of the evidence. A motion to set aside the verdict is addressed to the sound discretion of the trial court, *Watson v. Stallings*, 270 N.C. 187, 154 S.E. 2d 308, and the refusal to grant the motion is not appealable in the absence of manifest abuse of discretion. *Williams v. Boulerice*, 269 N.C. 499, 153 S.E. 2d 95; 7 Strong, N.C. Index 2d, Trial, § 51, p. 369. No abuse of discretion appears from the record of this trial. Without a lengthy recital of the evidence, it suffices to say that the plaintiff presented evidence as to the amount of time spent on the job, materials used, incidental work done at the defendant's request and evidence as to the reasonable value of the materials and services for which he contends defendant agreed to pay. The plaintiff also offered a paperwriting which was read to the jury. It was a letter from D. A. Lamb of the Daughtry Sheet Metal Company, Charlotte, North Carolina, in which Lamb, upon inspection of the work performed by the plaintiff, estimated the value of the job at $19,140.00. This evidence was presented without objection, and defendant now contends that the paperwriting was inadmissible as not being properly authenticated and therefore of no probative value. When there is no objection to an offer of evidence or a motion to strike after its admission, any objection or exception is lost. Unless objection is made at the proper time, it is waived. Stansbury, North Carolina Evidence, § 27, p. 49. A rule of evidence not invoked is waived. *Cotton Mills v. Local 578*, 251 N.C. 218, 111 S.E. 2d 457, and cases cited. The credibility, probative force, and weight of the evidence is a matter for the jury. *Coach Co. v. Lee*, 218 N.C. 320, 11 S.E. 2d 341.

**[4, 5]** The defendant also contends that the jury's answer to the two issues submitted constituted an inconsistent verdict. This contention is without merit. The verdict makes it clear that the jury believed the evidence of the plaintiff tending to show that the plaintiff had not been paid in full for his materials and labor and therefore returned a verdict in his favor upon the first issue. It is equally clear that the jury believed the evidence of defendant supporting a part of his claim, which was separate and distinct from plaintiff's claim. When the pleadings and evidence raise several issues, the submission of a single issue as to the amount each party is entitled to recover is not good practice. *Yates v. Body Co.*, 258 N.C. 16, 128

S.E. 2d 11. In this case, however, the parties stipulated as to the issues which the trial judge should submit to the jury, and defendant does not now complain of the number or form of the issues. Despite the shortcomings of the issues, his honor's charge clearly delineated the controversy and properly instructed the jury on the several claims. The jury's answers on the issues were entirely consistent.

**[6]** Assignments of Error 4 and 5 are directed to portions of his honor's charge, the contention being that his honor, in recapitulating the evidence, used the figure $11,500.00 when in fact the figure $11,000.00 should have been used. The defendant did not suggest any correction to the court. The court specifically instructed the jury to use their own recollection of the evidence. These assignments of error are overruled. *Holloway v. Medlin,* 3 N.C. App. 89, 164 S.E. 2d 69.

No error.

MALLARD, C.J., and MORRIS, J., concur.