WILLIAM W. HEDDEN v. C. F. HALL, JR., AND .WIFE, MARCELLA I. HALL

No. 7430SC542

(Filed 6 November 1974)

1. **Evidence § 48— expert witness — failure to object specifically to qualifications**

   The trial court did not err in overruling defendants' general objections to testimony from an expert witness where defendants did not request a *voir dire* examination to determine the witness's qualifications, nor did defendants object specifically to the witness's qualifications as an expert.

2. **Appeal and Error § 30— objection to admission of plat — consideration on appeal**

   Defendants' objection to the trial court's admission of a plat into evidence is not considered by the court on appeal where defendants' objection does not appear in the record.

3. **Adverse Possession § 24; Trespass § 6— proof of title by adverse possession — evidence of general reputation that land owned by possessor**

   In an action to recover damages for alleged trespass where defendant denied plaintiff's title, the trial court did not err in allowing a witness to testify that he had been told for twenty-five years that the land in question belonged to plaintiff, since plaintiff was establishing title by showing evidence of adverse possession, and .general reputation that the land is owned by the person in possession is admissible as showing the notoriety of the possession.

4. **Trespass § 8— trespass to land — diminished value as measure of damages**

   Trial court's instructions on diminished value were proper in an .action to recover damages for alleged trespass, though the court did not also instruct the jury to disregard evidence of the value of severed trees.

5. **Trial § 3— continuance — failure to make motion**

   Defendants cannot complain that the trial court erred in allowing the trial to proceed prior to the making of a court ordered survey since defendants did not move for a continuance based upon the absence of the survey.

---

Hedden v. Hall

---

**6. Rules of Civil Procedure § 50— motion for directed verdict — failure to state grounds**

Trial court properly denied defendants' motion for a directed verdict where defendants did not state the specific grounds therefor as required by G.S. 1A-1, Rule 50(a).

DEFENDANTS appeal from *Thornburg, Judge,* 26 November 1973 Session of Superior Court held in MACON County. Argued in the Court of Appeals on 15 October 1974.

Plaintiff instituted this action to recover damages for alleged trespass upon his property by defendants. Defendants answered denying plaintiff's title, alleging title in themselves, and praying that defendants be declared owners of the property in dispute.

The problem arose when defendants began preparing land for a subdivision, and, acting on the assumption that their property in Jackson County extended by deed westward to the Macon County line, caused numerous trees near the Macon County line to be cut down. Briefly stated, plaintiff's evidence tends to show that plaintiff by deed owns two tracts of land contiguous to defendants' land, but situated somewhere to the east thereof, and extending eastward *over* the Macon County line into Jackson County where defendants had been working. Defendants' evidence tends to show that *both* parties derive title to the disputed area from a common grantor with defendants having a superior claim over the lappage created by the rival deeds. A jury answered the following questions submitted by the trial judge:

"1. Is plaintiff the owner and entitled to possession of those lands described in plaintiff's Exhibits One and Two as the easterly boundary thereof is located on plaintiff's Exhibit Five?

Answer "A": As to Moore tract, described in plaintiff's Exhibit One? Yes.

Answer "B": As to James tract, described in plaintiff's Exhibit Two? Yes.

2. Are defendants C. F. Hall, Jr., and wife, Marcella I. Hall the owners and entitled to possession of those lands described in defendants' Exhibit "B" as the westerly boundary thereof is located on defendants' Exhibits "L" and "R"?

Hedden v. Hall

Answer:

3. What amounts of damages for trespass, if any, is plaintiff entitled to recover of the defendant C. F. Hall, Jr.?

Answer: $2300.00."

Defendants appealed.

*Stedman G. Hines and Louis Wilson, for plaintiff appellee.*

*Holt & Haire, by R. Phillip Haire and Creighton W. Sossomon, for defendants appellants.*

MARTIN, Judge.

At the outset we note two shortcomings in record and briefs which have caused some difficulty in our consideration of this appeal. First, none of the maps before us seem to have been prepared for the purpose of showing the contentions of each party to this lawsuit, and, therefore, they are not conducive to a clear understanding of the case. "It is highly desirable in the trial of a lawsuit involving the location of disputed boundary lines to have one map showing thereon the contentions of all the parties." *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53 (1969). Second, defendants now raise objections to certain evidence which, according to the record, was presented at trial without objection.

[1] Defendants contend that the trial court erred in overruling defendants' general objections to testimony from Lake Ledford regarding Ledford's survey of the property for plaintiff. Defendants argue they should have been allowed, on voir dire, to examine Ledford's qualifications as an expert witness. However, defendants have not shown us in the record, nor have we found, where they requested a voir dire examination of Ledford, or even where they objected specifically to Ledford's qualifications as an expert. "Objection to a witness' qualifications as an expert is waived if not made in apt time on this special ground, even though a general objection is taken." *Paris v. Aggregates, Inc.,* 271 N.C. 471, 157 S.E. 2d 131 (1967). Defendants' objections on this point are therefore waived.

[2] Defendants also argue the trial court erred in admitting a plat into evidence which could not have been made until at least 1952 where Ledford testified it was made by him in 1951. No objection thereto appears in the record. Hence, defendants'

objection to this evidence is lost. *Dunn v. Brookshire,* 8 N.C. App. 284, 174 S.E. 2d 294 (1970).

**[3]** Defendants assign as error the following testimony by Cabe, a witness for plaintiff:

"Q. Do you know who that land did belong to?

A. I had always been told it was the Hedden land, or, Will Hedden's land, for twenty-five years. Twenty years at that time."

The denial of plaintiff's allegations of title and trespass placed the burden on plaintiff of establishing each of these allegations. *Bowers v. Mitchell,* 258 N.C. 80, 128 S.E. 2d 6 (1962). It appears from the record that plaintiff was establishing title by showing evidence of adverse possession. "On the issue of adverse possession, general reputation that the land is owned by the person in possession is admissible as showing the notoriety of the possession." Stansbury, N. C. Evidence, Brandis' Revision, § 149, p. 501. This assignment of error is overruled.

**[4]** Next, defendants complain the trial court erred in instructing the jury on the diminished value of the property as the measure of damages for trespass without instructing the jury to disregard evidence of the value of the severed trees. "The measure of damages for wrongful trespass upon realty in cutting and removing timber is the difference in the value of the land immediately before and after the trespass." 7 Strong, N. C. Index 2d, Trespass, § 9, p. 243. The court correctly charged on diminished value damages; and, whereas the evidence pertaining to the value of the trees was significantly less in amount than the evidence of diminished value, we fail to see how defendants could be prejudiced by any consideration the jury may have given to the value of the trees. Therefore, this assignment of error is overruled.

**[5]** Defendants also argue the trial court erred in allowing the trial to proceed prior to the making of a court ordered survey. An affidavit of the Clerk of Superior Court of Macon County indicates that the court had ordered a survey of the lands presently in dispute. Clearly, defendant had knowledge of the court ordered survey since both parties deposited money pursuant to that order. Defendants, by their own admission, failed to move for a continuance based upon the absence of a court ordered survey. Thus, they will not now be heard to complain at this late time.

---

Hedden  v.  Hall

---

**[6]**  Finally, defendants contend in their brief that plaintiff's evidence failed to make out a prima facie showing of title sufficient to get to the jury, and, therefore, defendants' motion for a directed verdict should have been granted. The record shows that defendants did not state the specific grounds for their motion as required by N.C.G.S. 1A-1, Rule 50 (a). This provision of the rule is mandatory. *Turner v. Turner,* 9 N.C. App. 336, 176 S.E. 2d 24 (1970). While defendants did specifically question the sufficiency of the evidence in their motion for judgment notwithstanding the verdict, we fail to see how this can cure the defective motion for directed verdict. A motion for judgment notwithstanding the verdict is technically only a renewal of the motion for directed verdict, and, thus, it cannot assert a ground that was not included in the motion for directed verdict. 9 Wright & Miller, Federal Practice and Procedure, § 2537, p. 598 (1971). The federal rules of civil procedure also require that a motion for directed verdict state the grounds therefor. Referring to this requirement, the Fourth Circuit Court of Appeals states:

> " . . . [W]e think it important that this requirement of the rule be observed, particularly in view of the enlarged powers granted the court with respect to such motions by Rule 50 (b), as otherwise judgment might be entered on such a motion after the close of the trial and on a ground which could have been met with proof if it had been suggested when the motion was made. We do not mean to say that technical precision need be observed in stating the grounds of the motion, but merely that they should be sufficiently stated to apprise the court fairly as to movant's position with respect thereto." *Virginia-Carolina Tie & Wood Co. v. Dunbar,* 106 F. 2d 383 (1939).

This assignment of error is overruled.

Defendants' other assignments of error are without merit and are overruled.

No  error.

Chief Judge BROCK and Judge PARKER concur.