GUY SUTTON, JR. AND WIFE, ANNE ELIZABETH SUTTON v. MRS. ELISE SUTTON, WIDOW, CAROLYN BRAMM SUTTON, UNMARRIED, MICHAEL GLENN SUTTON, UNMARRIED, ROBERT STEEL SUTTON AND WIFE, HILDA BROWN SUTTON, ELSIE SUTTON ADKINS AND HUSBAND, ELLET ADKINS, JR., AND LEHMAN SUTTON

No. 773SC128

(Filed 4 April 1978)

1. **Wills § 54— whether beneficiary takes devise or bequest**
   Testator's devise to his wife of "a sufficient amount of my real and personal property when added to the value of my home, and other property that she will receive outside of this Will, that will equal one-third of my net estate" gave to the wife an undivided interest in testator's realty rather than a dollar amount to be derived from a sale of estate property.

2. **Evidence § 31.1— photostatic copy of affidavit—best evidence rule**
   A photostatic copy of an affidavit containing appraisals of testator's lands was not admissible under the best evidence rule where there was no accounting for nonproduction of the original and no showing that the copy qualified as a business or public record under G.S. 8-45.1.

3. **Wills § 19— intent of testator—four corners of will—irrelevant testimony**
   Testimony as to the relationship between testator and another was not relevant to show testator's intent and was properly excluded where the intent of the testator was clearly manifested within the four corners of his will.

4. **Appeal and Error § 24— necessity for objection or motion to strike**
   Any objection or exception to the admission of testimony was waived where the testimony was presented without objection or motion to strike.

5. **Wills § 57; Trial § 58— value of land—findings by court—range of values presented by witnesses**

   Findings of the trial court as to the values of parcels of real estate owned by testator at his death were supported by the evidence where the values found by the court did not correspond precisely to the values set forth by any single witness but fell within the range of the values presented by the witnesses for the opposing parties.

6. **Banks and Banking § 4; Estates § 9— joint bank account—withdrawal after testator's death—amount passing outside will**

   Where testator's wife withdrew $1800 from a joint and survivorship account with testator after testator's death, the trial court properly found that half of that amount passed to the wife outside testator's will by virtue of his death, since the wife was deemed to have owned the other half of the account at the time of testator's death.

7. **Appeal and Error § 45.1— abandonment of contention—failure to discuss in brief**

   Appellants are deemed to have abandoned a portion of an assignment of error for which they presented no explanation or authority in their brief. Appellate Rule 28(a).

APPEAL by respondent Elise Sutton, et al, from *Browning, Judge.* Judgment entered 11 October 1976 in Superior Court, PITT County. Heard in the Court of Appeals 1 December 1977.

Guy Sutton, Jr., and his wife, Anne Elizabeth Sutton, filed a petition on 6 January 1975 seeking the sale of certain real property in Pitt County. The petition alleged that petitioners, respondents Elise Sutton, et al, and respondent Lehman Sutton own the property as tenants in common. On 1 April 1975 all respondents except Lehman Sutton filed an answer denying that Lehman Sutton had any "fee interest" in the land, requested a judicial determination of the will of Guy Sutton, Sr., and a judicial determination of the interests of the parties involved before any sale of the property. On 12 June 1975, respondent Lehman Sutton answered, claiming an interest in the property as a tenant in common and requesting a sale of the property. On 7 October 1975, the Clerk of Superior Court entered an order adjudging, among other things, that Lehman Sutton was entitled to a distribution in the amount of 80% of the sum of $2,674.64 in full satisfaction of his interest in the Guy Sutton lands. From this order, Lehman Sutton appealed to Superior Court. From a judgment entered 11 October 1976, adjudging that Lehman Sutton owns an undivided interest in the real property of Guy Sutton, Sr., passing to him (Lehman) from the will of his mother Ruth Smith Sutton, respondents Elise Sutton, et al, have appealed.

This dispute arises from the uncertainty of the distribution of property owned by Guy Sutton, Sr., during his lifetime. On 17 April 1972, Guy Sutton, Sr. died leaving a will containing the following language which is the focal point of this dispute.

"I give and devise to my said wife, RUTH SMITH SUTTON, a sufficient amount of my real and personal property when added to the value of my home, and other property that she will receive outside of this Will, that will equal one-third of my net estate."

The remainder of the Guy Sutton, Sr. estate was to be divided one-fourth (1/4th) to Guy Sutton, Jr., one-fourth (1/4th) to Elsie Sutton, one-fourth (1/4th) to Robert Steel Sutton, and the remaining one-fourth (1/4th) was to be divided equally among Elise Sutton, and her four children.

On 29 March 1973, Ruth Smith Sutton died leaving a will under which four-fifths (4/5ths) of her estate would pass to Lehman Sutton and one-fifth (1/5th) to Guy Sutton, Jr. The petition seeking a sale of the land and this appeal by Elise Sutton, et al, arises from the inability of the heirs of Guy Sutton, Sr. and Ruth Smith Sutton to agree on an accurate distribution of the property passing under the wills of their deceased parents.

*Underwood and Manning, by Sam B. Underwood, Jr. and Samuel J. Manning, for respondent appellants.*

*Everett and Cheatham, by C. W. Everett, Sr., and Edward J. Harper II, for Lehman Sutton, respondent appellee.*

MORRIS, Judge.

[1] Respondent appellants (Elise Sutton, et al.) preserve 19 assignments of error in 14 arguments. By their first argument and fourth assignment of error the appellants contend that the trial court erred by failing to find certain facts requested by the appellants. Essentially their argument is that Ruth Smith Sutton did not take an interest in land under the will of her husband Guy Sutton, Sr., and therefore Lehman Sutton (appellee) could not take an interest in the land under the will of Ruth Smith Sutton, thereby precluding him from receiving proceeds from the sale of the land as a tenant in common. By this single assignment of error the appellants seek to challenge several findings of fact and as such the assignment of error is broadside and ineffective to raise a question on appeal. Nevertheless, we choose to speak to

the merits of the questions which appellants attempt to raise. We disagree with the contentions of the appellants. At issue is the construction of Guy Sutton, Sr.'s will, and the meaning of the phrase "I give and devise to my said wife, RUTH SMITH SUTTON, *a sufficient amount of my real and personal property* when added to the value of my home, and other property that she will receive outside of this Will, that will equal one-third of my net estate." We conclude that the testator, by this clause, conveyed an undivided interest in realty to Ruth Smith Sutton. It follows, therefore, that Lehman Sutton received a four-fifths undivided interest in the lands of Guy Sutton, Sr. which passed to Ruth S. Sutton via the will of Guy Sutton, Sr.

The appellants contend that the will of Guy Sutton, Sr. required the trial court to: (1) ascertain the value of the net estate; (2) calculate the value of the residence owned by the entirety and other property passing to Ruth S. Sutton "outside the will" and (3) give to Ruth S. Sutton an "amount" of realty and personalty so that the total value of her inheritance would be one-third of the net estate. Appellants contend that the term "amount" was used by Guy Sutton, Sr. to mean that a specific dollar value was to be ascertained and paid to Ruth S. Sutton to equal one-third of the net estate but that this dollar amount was to be derived from the sale of personal or real property without Ruth S. Sutton's receiveing a fractional or undivided interest in the real property to the extent the property passing to her outside the will was less than one-third of the net estate. We do not so construe the term "amount".

> "The controlling objective of testamentary construction is the intent of the testator. *Trust Co. v. Schneider*, 235 N.C. 446, 451, 70 S.E. 2d 578. This intent is ordinarily to be ascertained from an examination of the will from its four corners. *Bullock v. Bullock*, 251 N.C. 559, 563-4, 111 S.E. 2d 837." *Bank v. Hannah*, 252 N.C. 556, 559, 114 S.E. 2d 273, 276 (1960); *McCain v. Womble*, 265 N.C. 640, 144 S.E. 2d 857 (1965).

It is clear from the four corners of his will that Guy Sutton, Sr. meant for his wife to inherit an undivided interest in his realty, for his will provided for the management of the property and the distribution of the income of the property for the benefit of his wife. Guy Sutton, Sr. provided in his will that the real property

may be rented or farmed on a share-crop basis as the managers of the real property in question "deem best for my said wife", and the will further provided that the managers of the property "shall pay the net profits from said estate to my said wife if in their opinion she is capable of handling same and if she is not capable of handling the income from said property, then and in that event they shall spend the profits for her use and benefit." It is obvious that the testator intended that Ruth S. Sutton receive an undivided interest in the land and thereby a continuing interest in the rents and profits rather than whatever amount or pecuniary interest the executors found necessary to meet the one-third interest of the net estate to be taken by Ruth S. Sutton. We believe and so hold that the word "amount" in the will of Guy Sutton, Sr. was employed by the testator in the sense of a quantum of interest rather than in specific pecuniary terms. We also hold that under the will of Ruth S. Sutton, Lehman Sutton took four-fifths of the undivided interest in the realty of Guy Sutton, Sr. owned by Ruth S. Sutton at the time of her death. Upon the death of Ruth S. Sutton, therefore, Lehman Sutton became a tenant in common owning an undivided interest in the realty and farmland owned by Guy Sutton, Sr., and is, therefore, entitled to an interest in the proceeds from the sale of land of which Guy Sutton, Sr. died seized.

[2] Appellants next argue their assignment of error No. 1, that the court erred in refusing to allow into evidence the photostatic copy of the original affidavit of Alton Barrett as to the values of land in question. We disagree. As a general rule, whenever the contents of a writing are to be proved, the best evidence rule requires a party to produce the original writing, unless nonproduction is excused. 2 Stansbury's N.C. Evidence (Brandis Rev. 1973), § 190. The affidavit contained appraisals of the real estate owned by Guy Sutton, Sr. in Pitt County at his death. As such, it was clearly intended to serve as proof of its contents. Thus a photostatic copy of the affidavit was not admissible under the rule without first accounting for nonproduction, 2 Stansbury, supra, §§ 192-193, or showing that it qualified as a business or public record, G.S. 8-45.1. Appellants did not attempt to make any such showing. The burden was on them to show affirmatively the facts necessary to establish the competency of the evidence. *Mahoney v. Osborne*, 189 N.C. 445, 127 S.E. 533 (1925). This assignment of error is overruled.

By assignment of error No. 2, appellants contend that the court erred in refusing to allow Robert S. Sutton to testify as to the value of real estate as shown on schedule "A" of the federal estate tax return filed by the executors of Guy Sutton, Sr.'s estate. The error, if any, in the court's ruling is clearly harmless since schedule "A" had previously been admitted into evidence. The matters contained therein were thus before the court, and the excluded testimony of Robert S. Sutton would merely have been cumulative. Appellants' second assignment of error is overruled.

[3] For their assignment of error No. 3, appellants contend that the trial court erred in excluding testimony of Elsie Sutton Adkins as to the relationship between Guy S. Sutton, Sr. and appellee Lehman Sutton. Appellants argue that in light of the alleged ambiguous wording of Item II of Guy S. Sutton, Sr.'s will, the excluded testimony was relevant in seeking to discover the intent of the testator.

The intent of Guy S. Sutton, Sr. was clearly manifested within the "four corners" of the will. It was not necessary to go outside of the will to seek clarification, and the testimony of Elsie Sutton Adkins was irrelevant and properly excluded by the trial court. As stated by Justice Merrimon (later Chief Justice) in *McDaniel v. King*, 90 N.C. 597, 602 (1884):

> "If a will is sufficiently distinct and plain in its meaning as to enable the court to say that a particular person is to take, and that a particular thing passes, that is sufficient; and it must be construed upon its face without resorting to extraneous methods of explanation to give it point. Any other rule would place it practically within the power of interested persons to *make* a testator's will, so as to meet the convenience and wishes of those who might claim to take under it."

This third assignment of error is, therefore, overruled.

By assignment of error No. 5, appellants contend that the trial court's finding of fact No. 13 was not supported by sufficient competent evidence. The challenged findings set forth the value of the various interests in real estate owned by Guy Sutton, Sr. at his death. Within the framework of this assignment of error,

appellants present two issues, to wit: (1) the admissibility of the testimony of appellee's witnesses McArthur, Strickland, and Moore, as to the value of the property in question, and (2) the sufficiency of the evidence to support the trial court's findings as to the values of the respective tracts of real property. The presentation of more than one issue of law under a single assignment of error violates Appellate Rule 10(c). However, we have chosen to address the two questions presented by appellants and have found both to lack substantial merit.

[4] Appellants first contend that the evidence of value tendered by appellee through witnesses McArthur, Strickland and Moore was inadmissible because appraisals were made by the witnesses some four years after the death of Guy Sutton, Sr.; and furthermore, as to the witness Moore, testimony as to valuation based on sales of comparable farm properties did not indicate that the comparable sales were of land similar to the land in question. We do not discuss these questions since the testimony of these three witnesses was presented without objection, and no motion to strike was made after its admission. Any objection or exception by appellants is, therefore, waived. *Dunn v. Brookshire*, 8 N.C. App. 284, 174 S.E. 2d 294 (1970).

[5] As to the alleged insufficiency of the evidence to support the trial court's findings of fact as to the value of the real estate owned by Guy Sutton, Sr. at his death, it is well settled that findings of the trial judge sitting as the trier of facts will not be disturbed on appeal on the theory that the evidence did not support the findings if there is any competent evidence to support them. *Church v. Church*, 27 N.C. App. 127, 218 S.E. 2d 223, *cert. den.* 288 N.C. 730 (1975). In the case *sub judice*, the trial court assigned values to the parcels of real estate owned by Guy Sutton, Sr. which fall within the range of values presented by the witnesses for the opposing parties. In most instances, the court did not find values which corresponded precisely to the values as set forth by any single witness. However, had this issue been answered by a jury, appellant would not be heard to complain that the values found by the jury did not correspond precisely to the testimony of any one witness. "In cases in which value is established by the opinion of witnesses, the jurors are not required to take the estimate of any of the witnesses, but may use their own judgment." 25 C.J.S., Damages, § 88, p. 971. "Although

jurors, commissioners, *or other triers of fact* cannot disregard the evidence which the parties produce in respect of the compensation to be awarded, including the value of property taken and injuries to property not taken, they are not bound by the opinions or estimates of the witnesses who testify before them, but may give such weight to the testimony as they think proper." (Emphasis supplied.) 29A C.J.S., Eminent Domain, § 275, pp. 1227-1228; *Williams v. Highway Commission*, 252 N.C. 514, 114 S.E. 2d 340 (1960).

Where facts are found by the court, sitting without a jury, they have the force and effect of a verdict of a jury if supported by competent evidence. *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971). In the instant case, the trial judge was confronted not only with varying appraisals of the value of Guy Sutton, Sr.'s property, but also with the testimony as to the underlying factors that the various witnesses considered in reaching their opinions, such as tobacco allotments, acreage, road frontage, etc. Having reviewed all the evidence that was before the trial court, we conclude that the findings of fact as to the value of Guy Sutton, Sr.'s real estate are supported by the evidence presented and are conclusive, as would have been a jury verdict. Therefore, this assignment of error is overruled.

The question raised by appellants in their assignment of error No. 6 has been fully dealt with under assignment of error No. 4, supra, and requires no further discussion.

[6] By their assignments of error Nos. 7 and 11, appellants challenge the trial court's findings as to the amount of property that passed to Ruth S. Sutton outside of her husband's will. More specifically, appellants contend (a) that $1896.73 contained in a joint bank account on the date of Guy Sutton, Sr.'s death was property passing to Ruth S. Sutton outside of the will and that the court erred in including only $900 of that amount; (b) that a stipulated sum of $3,224.63 passed under the will and not outside of the will; (c) that the total sum of property passing outside of the will, as found by the trial court, was erroneous in that the finding of the value of the residence owned by Guy Sutton, Sr. and Ruth S. Sutton was not based on competent evidence, and the total sum failed to include the value of household furniture and an automobile. We will deal with these three arguments separately.

The record reveals that on 17 April 1972, the date of Guy Sutton, Sr.'s death, there existed a joint bank account in the name of Guy and Ruth Sutton in the Farmville branch of the Bank of North Carolina; that on this date, Ruth S. Sutton withdrew $1800 from the joint account (the record does not reveal whether the withdrawal occurred prior to or subsequent to Guy Sutton, Sr.'s death); that the balance remaining after the withdrawal was $193.47. The record does not affirmatively reveal that the account was established pursuant to G.S. 41-2.1(a), thus giving Ruth S. Sutton survivorship rights in the unwithdrawn deposit, subject to the rights of creditors as per G.S. 41-2.1(b). However, neither party raised any question as to the nature of the joint account. Both sides have argued for an application of G.S. 41-2.1 which is favorable to them. Thus we assume that the account was a joint account with right of survivorship, and the only question before this Court in relation thereto is what portion of the account, if any, passed to Ruth S. Sutton outside of her husband's will by virtue of his death.

The record further reveals that of the $193.47 balance remaining in the account following the $1800 withdrawal, one-half ($96.73) was included by Guy Sutton, Sr.'s executors in their 90-day inventory as personal property of the estate, and one-half was left in the account for Ruth S. Sutton. It was stipulated that all of the personal property in the estate of Guy Sutton, Sr. was applied to debts, costs of administration, taxes, etc., leaving no surplus.

Assuming that the $1800 withdrawal was made subsequent to Guy Sutton, Sr.'s death, the trial court correctly determined that $900 passed to Ruth S. Sutton outside of her husband's will. G.S. 41-2.1(b) (as written in 1972) establishes that the incidents of a joint and survivor deposit account, include

"(2) During the lifetime of both or all the parties, the deposit account shall be subject to their respective debts to the extent that each has contributed to the unwithdrawn account. *In the event their respective contributions are not determined, the unwithdrawn fund shall be deemed owned by both or all equally.*

(3) Upon the death of either or any party to the agreement, the survivor, or survivors, becomes the sole owner, or

owners, of the entire unwithdrawn deposit subject to the claims of the creditors of the deceased and to governmental rights in that portion of the unwithdrawn deposit which would belong to the deceased had said unwithdrawn deposit been divided equally between both or among all the joint tenants at the time of the death of said deceased." (Emphasis supplied.)

There is no evidence in the record which would indicate the respective contributions of Guy and Ruth S. Sutton in the joint account. Thus, pursuant to the above-quoted subsection (2), it is deemed to have been owned by each equally. At her husband's death Ruth S. Sutton became the sole owner of the unwithdrawn deposit as the survivor, pursuant to subsection (3), supra, half of which passed to her outside of her husband's will subject to claims of creditors, etc. The other half she was deemed to own at her husband's death. Ruth S. Sutton withdrew $1800 from the account, $900 of which passed to her outside of the will. Of the remaining $193.47, half or $96.73 was included in Guy Sutton, Sr.'s estate and was used to satisfy claims against the estate. The other half, which was left in the account, was deemed to have been owned by Ruth S. Sutton prior to her husband's death and thus did not pass to her outside of the will.

Were we to assume that the $1800 withdrawal occurred prior to Guy Sutton, Sr.'s death, then none of that amount could be said to have passed to Ruth S. Sutton as survivor by virtue of her husband's death. G.S. 41-2.1(b)(1) accords each party to a joint account the right to withdraw any part or all of the deposit. In such an event, there remained an unwithdrawn deposit of $193.47, none of which, as discussed supra, passed to Ruth S. Sutton outside of the will by virtue of Guy Sutton, Sr.'s death.

The trial court obviously assumed that the withdrawal occurred subsequent to Guy Sutton, Sr.'s death. This assumption is not supported by the evidence. However, this assumption was favorable to appellants. The alternative assumption would have reduced the amount of property passing to Ruth S. Sutton outside of her husband's will, thus increasing the amount of property needed to equal one-third of Guy Sutton's net estate. Since the error, if any, was favorable to appellants, they cannot be heard to complain. *Prevette v. Bullis*, 12 N.C. App. 552, 183 S.E. 2d 810 (1971).

[7] Appellants contend that the trial court erred in finding that a stipulated sum in the amount of $3,224.63 constituted property passing to Ruth S. Sutton outside of the will of Guy Sutton, Sr., on the grounds that the stipulated sum was paid to and for Ruth S. Sutton by the executors under the will. No explanation of or authority for this proposition is presented by appellants. Appellate Rule 28(a) provides in part as follows:

> "The function of all briefs required or permitted by these rules is to define clearly the questions presented to the reviewing court and to present the arguments and authorities upon which the parties rely in support of their respective positions thereon. Review is limited to questions so presented in the several briefs. Questions raised by assignments of error in appeals from trial tribunals but not then presented and discussed in a party's brief, are deemed abandoned."

As to this particular contention, appellants have patently ignored the requirements of Appellate Rule 28(a), and are deemed to have abandoned this portion of their assignment of error No. 7.

Finally, appellants contend that the trial court's finding as to the value of the residence owned by Ruth and Guy Sutton, Sr. as tenants by the entirety was based upon incompetent evidence, and that the trial court erred in failing to include the value of an automobile and household furniture as property passing to Ruth Sutton outside of her husband's will. We disagree as to all counts.

The court found that the residence in question had a fair market value on 17 April 1972 of $29,000. This finding is supported by the testimony of appellee's witness Moore. Appellants neither objected to nor did they move to strike this testimony; thus they waived any objection as to its competency. *Dunn v. Brookshire,* supra. The trial court's finding supported by competent evidence is binding on appeal. *Church v. Church, supra.*

The title to the automobile, a 1968 Pontiac Lemans, was in the name of Ruth S. Sutton, as shown by a certificate of title introduced into evidence at trial, which had an issue date of 5 March 1968. This certificate of title was clearly evidence from which the trial court could have inferred that the automobile was owned by Ruth S. Sutton at the time of her husband's death. *See*

G.S. 20-78(b). Evidence presented by appellants to the effect that Guy Sutton, Sr.'s executors believed that the car belonged to Guy Sutton, Sr. at his death and considered it as property passing to Ruth S. Sutton outside of the will, did not compel a finding to that effect.

Appellants' contention that the value of household furniture should have been included as property passing outside of the will is likewise without merit. There is nothing in the record indicating that title to this property passed by operation of law to Ruth S. Sutton outside of the will, notwithstanding the testimony of the co-executors that they so considered the furniture and therefore did not include it in the inventory of the assets of the estate. There is nothing in the record which would prevent the household furniture from passing to the devisees under Guy Sutton, Sr.'s will.

We hold that the trial court, in finding of fact No. 16, properly concluded that the amount of property passing to Ruth S. Sutton by reason of the death of Guy Sutton and outside of his will equalled $33,124. Assignments of error Nos. 7 and 11 are overruled.

We have carefully reviewed appellants' remaining assignments of error, and have found that, to the extent they are not repetitious of appellants' previous arguments or based upon appellants' contention as to the meaning of the term "amount" (which contention we have rejected), they otherwise lack substantial merit. We have reviewed the trial court's findings of fact, and find them to be supported by the evidence. These findings, in turn, support the court's conclusions of law as to the interests of the parties in the lands and funds at issue in this case. Therefore, the judgment of the trial court is

Affirmed.

Judges HEDRICK and ARNOLD concur.