MRS. NELLIE HODGIN v. GUILFORD TRACTOR AND IMPLEMENT COMPANY, A CORPORATION, AND W. G. SILER.

(Filed 10 January, 1958.)

**1. Appeal and Error § 20—**

A party may not complain of alleged error relative to an issue answered in his favor.

**2. Automobiles § 33—**

The fact that a pedestrian attempts to cross a highway at nighttime at a place not an intersection or crosswalk, is not negligence or contributory negligence *per se,* but such pedestrian is required to yield the right of way to traffic and, in the exercise of ordinary care for his own safety, to see that he can cross the highway without danger from approaching vehicles, and the court's instruction on the issue of contributory negligence of plaintiff pedestrian upon the evidence in this case *held* as favorable to plaintiff as the law permitted.

APPEAL by plaintiff from *Rousseau, J.,* April, 1957 Civil Term, GUILFORD Superior Court, Greensboro Division.

Civil action for personal injury alleged to have been caused by the actionable negligence of the defendants. The plaintiff based her claim upon an injury received on March 30, 1953. At the time, the plaintiff was employed as a nurse at the Garden

Terrace Convalescent Home located on the north side of Highway No. 421, approximately one mile west of the corporate limits of Greensboro. At about 10:30 p. m. the plaintiff left the convalescent home with the intention of crossing to the south side of the highway for the purpose of boarding a Duke Power Company bus into the city. There was no intersecting street, road, marked or unmarked crosswalk at the point at which the plaintiff undertook to cross the highway. She waited on the north side of the road for about ten minutes before she attempted to cross. She testified: "The bus customarily stopped at that spot for the nurses when someone signaled it. We did not really have to signal but all of them but two or three of the drivers would stop in front of the home and pick us up. . . . On this night it was perfectly clear. . . . No, I did not have a chance to signal the bus. I saw him coming. Well, when I got within eighteen inches or so of the mark in the middle of the highway I had to stop and I was afraid the bus was not going to stop. I saw it was driving pretty fast. The bus did not stop. . . . I remained standing. I didn't step a step back or turn. I threw this shoulder in just a little. . . . The Greyhound bus was immediately behind the Duke Power bus. Well, of course, I couldn't go back . . . Well, as I stated, the mirror on his car hit me and his fender hit me. . . ."

On cross-examination, plaintiff testified: "I just kept standing there (north side of the highway) until I saw the bus coming and I looked toward Greensboro and I saw Mr. Siler's car. I knew I had time to get across the street (to the south side) but the bus didn't stop so I had to stop. When I realized the bus was not going to stop I was about eighteen inches from the middle line. . . . I looked at Mr. Siler's car one time and then I did not look back because, as I stated, I knew I had time to get across if the bus stopped. I did not look back in the direction from which the car came again. I didn't have time to wave the bus down."

Issues of negligence and contributory negligence were answered, "Yes." From the judgment that the plaintiff recover nothing and be taxed with the costs, she appealed.

*Frazier & Frazier for plaintiff appellant.*
*J. Owen Lindley for defendants appellees.*

HIGGINS, J. The plaintiff's assignments of error Nos. 1 through 7 involve the admission or exclusion of evidence on the first issue, and assignments Nos. 8, 9, 16 and 18 relate to the court's charge on that issue. Since the jury decided it in the plaintiff's favor, error, if any, was rendered harmless. "Plaintiff is in no

position to complain of error, if any there was, in the charge on the first issue, since that issue was answered in his favor." (citing cases) *Anderson v. Office Supplies,* 236 N.C. 519, 73 S.E. 2d 141. For additional authorities, see Strong's North Carolina Index, Vol. 1, Appeal & Error, Sec. 20, Note 213, p. 91.

The plaintiff does not assign as error the admission or exclusion of testimony on the second issue. She does, however, especially by assignments Nos. 14 and 15, question the correctness of the court's charge relative to the duty of a pedestrian in crossing a highway not at an intersection or crosswalk. The court charged: ". . . the duty was upon her to look east and look west and act as an ordinary prudent person and first ascertain as an ordinary prudent person if she could cross this road in safety from oncoming traffic, and she had a right to do it under those conditions. . . . Now, if . . . when she started across this highway . . . you find . . . by the greater weight of the evidence that she did not yield the right of way to the defendant, and that the defendant was so close . . . that she could not as an ordinary prudent person reasonably believe and ascertain . . . that she could walk across this highway before this defendant's car approached, and you find that she attempted to walk across under these conditions and you find that was one of the proximate causes that produced this injury, . . . then you would answer this issue 'Yes.' "

The court had previously charged the jury: "If you answer issue No. 1 (defendant's negligence) 'No,' that ends the case. You don't take up No. 2 (plaintiff's contributory negligence). But if you answer No. 1 'Yes,' you take up issue No. 2, and if you answer that, 'No,' you go down to the third issue (damages); but if you answer issue No. 1, 'Yes,' and issue No. 2, 'Yes,' that this plaintiff contributed to her own injury, then that ends the case."

The court then charged that the burden of proof on the first and third issues was on the plaintiff and the burden on the second issue was on the defendant. The court went into considerable detail in stating the contentions of the parties.

The evidence on the issue of contributory negligence was simple. It was not in serious dispute. According to the plaintiff's own story, and for some unexplained reason, she stood on the north side of the road for ten minutes waiting to catch a bus on the south side. Sometimes the bus stopped. Two or three of the drivers did not stop. When the bus approached she looked one time to the east, saw the defendant's car, concluded she had time to cross. She never looked towards the defendant again. Her calculation insofar as the defendant was concerned was correct, but what she should have done and did not do was to see that

she could cross the defendant's lane of travel in safety and also that she could cross the south lane. The passing Duke Power Company bus she had hoped to catch, and the Greyhound bus immediately behind it, failed to stop. Their continued movement not only kept her from completing the crossing, but marooned her eighteen inches north of the center line and in the defendant's lane of traffic. Not knowing whether the bus would stop, she took the chance according to her own story. The mere fact she undertook to cross even in the nighttime is not negligence *per se. Moore v. Bezalla,* 241 N.C. 190, 84 S.E. 2d 817; *Goodson v. Williams,* 237 N.C. 291, 74 S.E. 2d 762; but when considered in the light of traffic conditions as she detailed them, if contributory negligence does not appear as a matter of law, the margin by which it falls short is narrow. *Whitson v. Frances,* 240 N.C. 733, 83 S.E. 2d 879; *Tysinger v. Coble Dairies,* 225 N. C. 717, 36 S.E. 2d 246.

The Court, in effect, told the jury to consider the plaintiff's conduct in the light of her duty to use due care for her own safety. *Merrell v. Kindley,* 244 N.C. 118, 92 S.E. 2d 671; *Gaskins v. Kelly,* 228 N.C. 697, 47 S.E. 2d 34.

The charge, considered in its entirety, was certainly as favorable to the plaintiff on the decisive second issue as the law permitted. No valid reason is made to appear why the verdict and judgment should be disturbed.

No error.