MILLARD F. WOOTEN, ADMINISTRATOR OF THE ESTATE OF MILLARD JAMES WOOTEN, DECEASED, PLAINTIFF, v. LARRY GENE CAGLE, DEFENDANT.

(Filed 2 November, 1966.)

**1. Appeal and Error § 20—**

Error in the admission or exclusion of evidence relating to an issue answered in appellant's favor *held* not to be prejudicial to appellant.

**2. Automobiles § 46—**

The court's instruction to the jury in this case *held* to have properly placed the burden of proof on the plaintiff upon the issue of negligence and on the defendant upon the issue of contributory negligence.

**3. Trial § 32—**

In instructing the jury that it was the sole judge of the credibility of the witnesses and the weight, if any, to be given their testimony, it will not be held for prejudicial error that the court further charged the jury that it was its duty to reconcile conflicts in the testimony, if possible, but that if this could not be done the jury might believe or disbelieve any witness; the instruction as to reconciling the conflicting testimony refers only to the reconciliation of apparently conflicting testimony accepted by the jury as credible.

**4. Negligence § 16—**

The legal significance of the presumption that a minor between the ages of seven and fourteen is incapable of contributory negligence is that the burden is upon defendant to satisfy the jury from the evidence and by its greater weight that such minor did not in fact use that care which a child of its age, capacity, discretion, knowledge and experience would ordinarily have exercised under the same or similar circumstances, and an instruction substantially applying this rule to the facts in evidence will not be held prejudicial for technical error which could not have misled the jury. A finding of contributory negligence of such minor necessarily includes a finding that the child was capable of contributory negligence.

**5. Negligence § 28—**

Where the instruction of the court on the issue of contributory negligence of a twelve year old boy properly places the burden upon defendant to prove that the boy failed to exercise that degree of care which a child of his physical and mental attributes, as disclosed by the evidence in the case, would have exercised under the circumstances, the charge will not be held for prejudicial error, in the absence of request for special instructions, in failing to relate the question of the contributory negligence of such boy to the particular circumstances disclosed by the evidence.

**6. Negligence §§ 10, 28—**

Plaintiff may not object to the failure of the trial court to instruct the jury on the doctrine of last clear chance when plaintiff has neither *allegata* nor *probata* sufficient to require the submission of the issue to the jury.

**7. Appeal and Error § 25—**

Where there is no objection or exception in the lower court to the issue submitted or the court's refusal to submit an issue tendered, appellant may not challenge the issues for the first time on appeal in his assignments of error.

APPEAL by plaintiff from *Houk, J.,* May 30, 1966, Regular Civil Session of GASTON.

Millard James Wooten, hereafter referred to as James or as plaintiff's intestate, died May 19, 1965. On September 17, 1965, Millard F. Wooten, who had qualified as administrator of James's estate, instituted this action to recover damages for the alleged wrongful death of his intestate. Millard F. Wooten died April 11, 1966. Thereafter, Ruby Lee Wooten (1) qualified as administratrix

*de bonis non* of James's estate, (2) was substituted as party plaintiff and (3) adopted the complaint.

James died from injuries he received on Wednesday, May 19, 1965, about 7:45 a.m., when struck by a Ford car operated by defendant. This occurred on Rural Paved Road 2085, also known as Lane Road, in Gaston County. Defendant's car was proceeding in an easterly direction on Lane Road. James was attempting to cross from the north side to the south side of Lane Road.

Lane Road was 19 feet wide, having one lane for eastbound traffic and one lane for westbound traffic. There was a curve two-tenths of a mile west of the point of collision. Proceeding east from this curve the road was straight and level. There were no obstructions along either side of the road. The houses were back "a good hundred feet" from the highway.

James, a twelve-year-old boy, was about five feet, seven inches tall, weighed about 180 pounds, and was in the sixth grade. He and others boarded the school bus from the south side of Lane Road, at a neighbor's driveway.

Prior to the fatal accident on May 19, 1965, James and eight other children had gathered on the south side of the road in the area of the bus stop. While waiting for the bus, James and his friend, Randy Galloway, also twelve years old, were playing with a golf ball. In the course of their play, the ball landed on the north side of the road. Thereupon, James and Randy crossed to the north side "to retrieve the lost ball." While there, James said, "(T)here comes the school bus," and started running. Those who boarded the school bus first were more likely to get a seat or a choice of seats.

In approaching the point of collision, defendant was following at a distance of about one hundred yards a Chevrolet car operated by Oscar Sisk. The Sisk car and defendant's car had passed, and were in front of, the school bus. The school bus was at said curve, two-tenths of a mile west of the point of collision, when defendant's car struck James.

Plaintiff alleged James's fatal injuries were proximately caused by defendant's negligence in the operation of his car in these respects, *viz.:* (1) Excessive speed; (2) failure to keep a proper lookout; (3) failure to give warning of his approach by horn or other signal; (4) failure to turn left into the north traffic lane; and (5) failure to reduce speed notwithstanding the existence of a special hazard, to wit, the presence of school children waiting to board the approaching school bus.

Answering, defendant denied all of plaintiff's allegations as to his alleged actionable negligence; and for a further answer and defense, pleaded conditionally the contributory negligence of James.

Defendant's allegations as to James's (contributory) negligence may be summarized as follows: James failed to use due care for his own safety in that he failed to yield the right of way when he saw or should have seen defendant's approaching car and, in attempting to cross the highway, ran directly across the path of defendant's approaching car.

Plaintiff, by reply, denied defendant's allegations as to James's negligence, and renewed her original prayer for relief. The reply contains no allegation pertinent to the doctrine of last clear chance.

Evidence was offered by plaintiff and by defendant.

According to Randy, a witness for plaintiff: Randy stayed on the north side of the road. After the Sisk car passed, James "started on across and the 1956 Ford (defendant's car) came down and struck him." Randy first saw defendant's car when it was "just about a hundred feet away." Randy called to James, "(H)old it," when James was "just about in the middle of the road." Defendant "cut the automobile sharply to the right." James was "around a foot from the south edge of Lane Road when he was struck." Randy, on cross-examination, testified: "I would have run across myself if I had not seen the automobile."

According to defendant's evidence: Both Sisk and defendant saw Randy and James on the north side of the road as they approached. Both boys stopped and stepped back when Sisk blew his horn. The Sisk car passed without mishap. When defendant "got up about thirty feet from them," James "just ran across in front of (him)." Defendant cut to his right in an attempt to avoid striking James. However, defendant's car struck James when he "was four or five feet from the southern edge of the road."

The respective parties offered conflicting evidence as to the speed of defendant's car and as to other controverted evidential facts.

The issues submitted, and the jury's answers to the first and second issues, are as follows: "(1) Was the plaintiff's intestate killed as a result of the negligence of the defendant as alleged in the Complaint? ANSWER: Yes. (2) If so, did the plaintiff's intestate, by his own negligence, contribute to his death as alleged in the Answer? ANSWER: Yes. (3) What amount of damages, if any, is the plaintiff entitled to recover from the defendant? ANSWER: ........ ."

The court, based on said verdict, entered judgment "that the plaintiff have and recover nothing of and from the defendant" and "that the plaintiff be taxed with the costs."

Plaintiff excepted and appealed.

*Joseph B. Roberts, III, for plaintiff appellant.*
*Frank P. Cooke for defendant appellee.*

BOBBITT, J.  The record shows twenty assignments of error based on fifty exceptions. Discussion will be limited to those constituting the basis for principal contentions set forth in plaintiff's brief.

Plaintiff assigns as error, based on exceptions duly noted, the admission or exclusion, over plaintiff's objections, of evidence relating to the speed of defendant's car as it approached the scene of collision. This evidence was pertinent to the first (negligence) issue. Since this issue was answered in favor of plaintiff, error, if any, in the rulings challenged by these assignments is harmless. *Coach Co. v. Fultz,* 246 N.C. 523, 526, 98 S.E. 2d 860, 863; *Hodgin v. Implement Co.,* 247 N.C. 578, 101 S.E. 2d 323; 1 Strong, N. C. Index, Appeal and Error § 20.

The remaining assignments of error brought forward and discussed in plaintiff's brief are based on exceptions to the charge.

Assignments directed to asserted errors in the instructions relating to burden of proof are without merit. When the charge is considered contextually, it appears clearly the court properly instructed the jury that the burden of proof was on plaintiff on the first (negligence) issue and on defendant on the second (contributory negligence) issue.

Plaintiff stresses her assignment relating to the portion of the charge quoted in the following paragraph.

The court charged the jury: "It is the duty of the jury to look at all the material evidence in this case in order to determine what the real true state of facts was at the time and to that end, (C) it is your duty to weigh all the evidence so as to reconcile it where it can be reconciled if it seems to conflict, if it can be reconciled. (D) You should not capriciously reject any testimony but, (E) as I said, reconcile all of it that can be reconciled, but if this cannot be done, (F) you may believe or disbelieve any witness, according as you Members of the Jury may or may not consider the testimony of that witness entitled to credit or worthy of belief. Again I say to you that you are the sole judges of the credibility of the witnesses, what weight that should be given their testimony. With that the court has nothing whatever to do." Plaintiff excepted to and assigns as error the portions of the quoted excerpt between (C) and (D) and between (E) and (F).

Plaintiff contends the references to reconciling seeming conflicts in the evidence, if possible, tended to confuse the jury in respect of its duty to resolve contradictions and discrepancies in the evidence.

Although no decision of this Court bearing directly thereon has

come to our attention, there is authority in other jurisdictions for the quoted instructions. In 53 Am. Jur., Trial § 817, it is stated: "If there is a conflict in the evidence, a court may properly instruct the jury that it is their duty to reconcile, if possible, all of the evidence, without arbitrarily imputing perjury to any of the witnesses, or that it is their duty to reconcile conflicts, or seeming conflicts, in the evidence, if possible." *Accord:* 88 C.J.S., Trial § 359; 127 A.L.R. 1406.

Although instructions relating to reconciling conflicting evidence are neither required nor encouraged, we perceive no prejudicial error in the quoted instructions. The judge emphasized that the jurors were the sole judges of the credibility of the witnesses and of the weight, if any, to be given the testimony of the witnesses. Obviously, the instructions with reference to reconciling conflicting testimony referred only to the reconciliation of apparently conflicting testimony accepted by the jury as credible.

Plaintiff assigns as error, based on exceptions duly noted, numerous excerpts from the portion of the charge relating to the contributory negligence issue. Her brief does not single out for discussion any particular one or more of these excerpts. Her general attack is expressed as follows: "The Court below not only did not define the presumption or explain it, the Court did not explain to the jury the amount of evidence needed to rebut the presumption. Appellant has been unable to determine from the cases dealing with this subject by what amount of evidence the presumption may be rebutted. To require the defendant to prove the contributory negligence of the seven- to fourteen-year-old boy by the greater weight of the evidence is to require nothing more than what is already demanded of the defendant on the issue of contributory negligence. The presumption must first be rebutted, and then, and only then, should the jury consider the question of contributory negligence."

Apparently, plaintiff contends it was incumbent upon defendant to establish two separate and distinct propositions, *viz.:* First, to establish by a degree of proof not heretofore determined that James was *capable* of contributory negligence; and second, to establish by the greater weight of the evidence that James was in fact contributorily negligent. We find no support in our decisions for this contention.

Applicable legal principles are well summarized in *Weeks v. Barnard,* 265 N.C. 339, 143 S.E. 2d 809, as follows: "Between the ages of 7 and 14, a minor is presumed to be incapable of contributory negligence. (Citations) This presumption, however, may be overcome by evidence that the child did not use the care which a child of its age, capacity, discretion, knowledge, and experience would ordinarily have exercised under the same or similar circum-

stances. (Citations) A child 'must exercise care and prudence equal to his capacity.' (Citations). If it fails to exercise such care and the failure is one of the proximate causes of the injuries in suit, the child cannot recover. (Citations)"

Under our decisions, a person between the ages of seven and fourteen may not be held guilty of contributory negligence as a matter of law. "Whether he (is) capable of contributory negligence presents an issue for a jury, because there is a rebuttable presumption that he (is) incapable." *Hamilton v. McCash,* 257 N.C. 611, 619, 127 S.E. 2d 214, 219. *Accord: Wilson v. Bright,* 255 N.C. 329, 331, 121 S.E. 2d 601, 603, and cases cited.

Under our decisions, the legal significance of the presumption that a minor between the ages of seven and fourteen is *incapable* of contributory negligence is that such minor cannot be held guilty of contributory negligence unless the defendant satisfies the jury from the evidence and by its greater weight that such minor did not in fact "use the care which a child of its age, capacity, discretion, knowledge, and experience would ordinarily have exercised under the same or similar circumstances." A finding to this effect necessarily includes a finding the child was *capable* of contributory negligence. As stated by Professor Stansbury: "The presumption is rebuttable by evidence that the child in fact had sufficient capacity to understand and guard against danger, and its principal effect seems to be that of cautioning the jury to apply a standard of care commensurate with the plaintiff's age and intelligence." Stansbury, North Carolina Evidence, Second Edition, § 248. See also *Williamson v. Garland,* 402 S.W. 2d 80 (Ky. 1966), and Annotation, 77 A.L.R. 2d 917 *et seq.*

The court instructed the jury substantially in compliance with the law as declared in the cited decisions. See *Phillips v. R. R.,* 257 N.C. 239, 243, 125 S.E. 2d 603, 606, and cases cited. Although the court's instructions include statements which, if considered alone, would be considered incomplete or inexact, the following excerpt from the charge fairly represents the gist of the court's instructions: "Now, of course, as I have already told you, there is a difference between care required of a child and the care required of an adult but yours is the burden to determine from this evidence and by its greater weight as to whether or not there was contributory negligence. Contributory negligence in this case would be the failure on the part of the plaintiff's intestate to exercise the care which a person of average intelligence and of physical competency and of the age of twelve years under the facts and circumstances should have exercised. The test is this: Has the defendant satisfied you from the evidence and by its greater weight that the plaintiff failed to exer-

cise that degree of care which an ordinarily prudent person of the age of twelve years and of the physical and mental attributes as found from the evidence here should have exercised under the circumstances and, if so, did his failure to do so become one of the proximate causes of the plaintiff's injury?" There is no reasonable ground to believe that technical error in the charge misled the jury or otherwise prejudiced plaintiff.

Plaintiff contends the court should have called to the attention of the jury particular circumstances disclosed by the evidence bearing upon whether under the circumstances a twelve-year-old boy ordinarily would act impulsively rather than with caution. Presumably, all such circumstances deemed favorable to plaintiff's position were the subject of the argument of plaintiff's counsel to the jury. In the absence of special request, the court was not required to review the contentions of the respective parties with reference to particular circumstances pertinent to whether James used the care "which a child of (his) age, capacity, discretion, knowledge, and experience would ordinarily have exercised under the same or similar circumstances."

Plaintiff excepted to the charge on the ground it failed to relate the law to the evidence as required by G.S. 1-180 "in that it did not relate the law of the doctrine of last clear chance to the evidence of the case." The assignment of error based on this exception is without merit. "To submit an issue of last clear chance there must be both *allegata* and *probata*." *Phillips v. R. R., supra,* and cases cited. Here, there is neither *allegata* nor *probata* sufficient to require or justify the submission of such issue. Moreover, plaintiff did not tender an issue as to last clear chance or object to the issues as submitted by the court. "Where there are no objections or exceptions in the lower court to the issue submitted, or to the court's refusal to submit issues tendered, appellant may not challenge the issues for the first time on appeal in his assignments of error." 1 Strong, N. C. Index, Appeal and Error § 25.

We have considered each of the assignments of error brought forward in plaintiff's brief. Further discussion is unnecessary. Suffice to say, none discloses error of such prejudicial nature as to warrant a new trial.

The jury resolved the controverted and crucial second (contributory negligence) issue in favor of defendant. Plaintiff has failed to show prejudicial error in the conduct of the trial. Hence, the verdict and judgment will not be disturbed.

No error.