HELEN ROLAND PREVETTE v. HAROLD DEAN BULLIS

No. 7123SC499

(Filed 20 October 1971)

1. **Appeal and Error § 50— instructions — harmless error**

   Error in the charge on an issue answered in appellant's favor is harmless.

2. **Automobiles §§ 10, 75— running out of gas — stopping on highway — evidence of negligence**

   It may be negligence for a plaintiff to permit her car to run out of gas and stall on the traveled portion of the highway, and such conduct is properly considered by the jury on the issue of contributory negligence.

3. **Automobiles § 90— instructions — failure to charge on parking statute was in appellant's favor**

   Appellant was benefited, and therefore could not complain on appeal, when the trial court failed to charge on the statute which prohibited the leaving of a vehicle on the traveled portion of the highway, since a jury finding that the plaintiff had violated the statute would have constituted negligence *per se.* G.S. 20-161.

4. **Appeal and Error § 47— ruling in appellant's favor — review on appeal**

   An appellant may not complain of a trial court's ruling which is favorable to him.

5. **Rules of Civil Procedure § 51— instructions — request for more detailed charge**

   If a party desires a more thorough or more detailed charge, it is incumbent upon him to request it. G.S. 1A-1, Rule 51(b).

APPEAL by plaintiff from *Exum, Judge,* 15 March 1971 Civil Session of Superior Court held in WILKES County.

Plaintiff seeks recovery for personal injuries allegedly sustained when her car was struck from the rear by defendant's car. Her evidence tended to show that at around 12:15 p.m. on 1 December 1968, she was driving west on Highway 421 in Wilkesboro when her car started sputtering. She pulled off the traveled portion of the highway where the car went completely dead. The gasoline gauge indicated the car was out of gasoline. Plaintiff had not looked at the gasoline gauge previously and had just driven past several service stations. The collision occurred while she was waiting in the car for her son to return with gasoline.

Defendant's evidence tended to show that immediately before the collision he was following another car in a westerly direction on Highway 421 at about 30 miles per hour. When the vehicles reached a point near plaintiff's vehicle, the car in front of defendant suddenly pulled out and around plaintiff's vehicle, revealing its presence as an obstruction in the highway to defendant for the first time. Defendant could not turn into the left lane because of approaching traffic. He tried to stop but slid into the rear of plaintiff's car, which, except for the right front wheel, was completely in the traveled portion of the lane for westbound traffic.

Issues of negligence, contributory negligence and damages were submitted to the jury. The jury answered the first two issues "yes" and from judgment entered upon the verdict plaintiff appealed.

*Brewer & Bryan by Joe O. Brewer and Moore & Rousseau by Larry S. Moore for plaintiff appellant.*

*Hayes & Hayes by Kyle Hayes for defendant appellee.*

GRAHAM, Judge.

[1] Through her first assignment of error plaintiff contends that the court erroneously charged the jury on the doctrine of sudden emergency. The charge on sudden emergency related only to the issue of defendant's negligence. That issue was answered in plaintiff's favor. Consequently, error, if any, in portions of the charge pertinent only to that issue is harmless. *Key v. Welding Supplies,* 273 N.C. 609, 160 S.E. 2d 687; *Wooten v. Cagle,* 268 N.C. 366, 150 S.E. 2d 738.

[2] Plaintiff next contends that the fact she permitted her car to stall for lack of gasoline did not constitute evidence of negligence on her part. She therefore says it was error for the court to charge the jury with respect to this evidence and as to defendant's contentions relating thereto.

It is the duty of a motorist operating a motor vehicle on a public highway to exercise reasonable care to see that it is in reasonably good condition and properly equipped, so that it may not become a source of danger to its occupants or to other travelers. *Scott v. Clark,* 261 N.C. 102, 134 S.E. 2d 181; Huddy, The Law of Automobiles, Vol. 3-4, § 71, p. 127. A disabled vehicle stalled on the traveled portion of a public highway is a well

recognized hazard to the motoring public. Certainly it cannot be held, as a matter of law, that the plaintiff here was under no duty to anticipate and provide against the contingency that her car would stall for lack of gasoline and thereby become a dangerous obstruction to traffic. See: *Keller v. Breneman,* 153 Wash. 208, 279 P. 588, 67 A.L.R. 92; *Chapin v. Stickel,* 173 Wash. 174, 22 P. 2d 290; *Casey v. Gritsch,* 1 Cal. App. 2d 206, 36 P. 2d 696.

We hold that the court properly permitted the jury to consider the evidence that plaintiff permitted her car to run out of gasoline and stall on the highway in determining the issue of contributory negligence.

[3, 4] In her third assignment of error plaintiff questions the court's failure to charge on the essential elements of G.S. 20-161. That statute prohibits parking or leaving a vehicle standing, under certain specified circumstances, on the traveled portion of a highway. It is applicable only to highways "outside of a business or residence district." Here there was no evidence that the collision, which occurred inside the Town of Wilkesboro, occurred outside of a business or residential district. The trial judge therefore correctly did not apply any of the provisions of that statute to the facts of this case. This would seem to have inured to plaintiff's benefit because a violation of the statute is negligence *per se, Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361, and defendant had pleaded plaintiff's violation of the statute as a bar to her claim. An appellant may not complain of a trial court's ruling which is favorable to him. *Simpson v. Wood,* 260 N.C. 157, 132 S.E. 2d 369; *Midgett v. Midgett,* 5 N.C. App. 74, 168 S.E. 2d 53.

[5] Plaintiff asserts that the court failed to explain the law arising on the evidence as required by G.S. 1A-1, Rule 51. A review of the charge in its entirety fails to disclose any prejudicial error in this respect. If a more thorough or more detailed charge was desired it was incumbent upon plaintiff to request it. G.S. 1A-1, Rule 51(b); *Woods v. Roadway Express, Inc.,* 223 N.C. 269, 25 S.E. 2d 856; *Jackson v. Jones,* 2 N.C. App. 441, 163 S.E. 2d 31.

Plaintiff's final assignments of error are directed to the court's refusal to grant her motions for judgment N.O.V. and

to set aside the verdict as contrary to the weight of the evidence. These assignments of error are overruled.

No error.

Judges BROCK and VAUGHN concur.