WILSON ELECTRIC CO., INC. v. DR. JAMES E. ROBINSON AND
HIS WIFE, VERA S. ROBINSON

No. 7221SC249

(Filed 28 June 1972)

1. Appeal and Error § 50— instructions — harmless error

Error, if any, in portions of a jury charge relating to issues answered in favor of the party asserting the error is harmless.

2. Appeal and Error § 7— dismissal of claim — party against whom asserted — aggrieved party

Where a claim has been dismissed, based upon a jury verdict, the party against whom the claim was asserted is not aggrieved and may not contend on appeal that the court erred in permitting the jury to consider issues relating to the claim.

3. Laborers' and Materialmen's Liens § 8— enforcement against owner — absence of contract

In an action to enforce a lien for electrical material and services furnished in the construction of a house on a lot owned by defendants, the trial court did not err in refusing to order a new trial and in entering judgment on the verdict in favor of defendants, where much of the evidence offered by plaintiffs and all the evidence offered by defendants tended to show that plaintiff's contract was with the general contractor employed to build the house, and not with defendants. G.S. 44A-8.

APPEAL by plaintiff from *Kivett, Judge,* 4 October 1971 Session of Superior Court held in FORSYTH County.

Civil action instituted 21 May 1970 to perfect a lien in the sum of $2,959.48 for electrical material furnished and labor performed in the construction of a house on a lot owned by defendants. Notice of claim of lien was filed 6 April 1970.

Plaintiff alleged that material was furnished and labor performed pursuant to a specific contract with defendants. Defendants answered, denied that they had entered a contract with plaintiff, and counterclaimed for actual and punitive damages on the theory plaintiff slandered the title to their property by unlawfully filing the notice of lien.

The jury found, upon appropriate issues, that the materials were not furnished and the labor was not performed pursuant to a contract with defendants. The jury further found that plaintiff did not slander "the title of the Robinsons in filing its Notice and Claim of Lien as alleged in the Answer and Counterclaim." Judgment was entered upon the verdict dismissing the

claims of both parties and cancelling the notice of lien. Only plaintiff appealed.

*Ralph E. Goodale by Gregory W. Schiro for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by Norwood Robinson and George L. Little, Jr., for defendant appellees.*

GRAHAM, Judge.

Through its first seven assignments of error, plaintiff contends that the court erred in (1) denying plaintiff's motion for summary judgment on defendants' claim for slander of title, (2) refusing to direct a verdict for plaintiff on the issues relating to that claim, and (3) erroneously charging the jury in several respects as to these issues. These assignments of error are overruled.

[1, 2] All issues having to do with defendants' counterclaim for slander of title were answered in plaintiff's favor. Error, if any, in portions of a jury charge relating to issues answered in favor of the party asserting the error is harmless. *Key v. Welding Supplies,* 273 N.C. 609, 160 S.E. 2d 687; *Wooten v. Cagle,* 268 N.C. 366, 150 S.E. 2d 738; *Prevette v. Bullis,* 12 N.C. App. 552, 183 S.E. 2d 810. Moreover, the judgment, based upon the jury's verdict, dismisses defendants' counterclaim. Where a claim has been dismissed, based upon a jury verdict, the party against whom the claim was asserted is not aggrieved and may not contend upon appeal that the court committed error in permitting the jury to consider the issues relating to the claim. *Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361.

Plaintiff next contends that the court abused its discretion in refusing to order a new trial and in entering judgment on the verdict.

[3] Plaintiff had the burden of showing, not only that it performed labor or furnished materials for the making of an improvement on defendants' property, but also that the labor was performed or the materials were furnished "pursuant to a contract, either express or implied," with defendants. G.S. 44A-8. Much of the evidence offered by plaintiff and all of the evidence offered by defendants tended to show that plaintiff's contract was with the general contractor employed to build the house, and

not with defendants. Under these circumstances the trial court acted properly in accepting the verdict of the jury and entering judgment thereon.

No error.

Judges MORRIS and VAUGHN concur.