PLY-MARTS, INC. v. MARCUS C. PHILEMAN AND WIFE, MARY L. PHILEMAN, FIRST ATLANTIC CORPORATION AND ARTHUR J. BAER

No. 7826DC572

(Filed 17 April 1979)

**Laborers' and Materialmen's Liens § 8.1 — action to enforce lien — necessity of contract with defendants**

> Plaintiff was not entitled to enforcement of a lien for labor and materials where plaintiff was not entitled to a money judgment against any of the defendants under a contract for labor and materials, plaintiff's contract having been with a prior owner of the property who was not a party to this action.

APPEAL by plaintiff from *Jones (William G.), Judge.* Judgment entered 25 April 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 8 March 1979.

Plaintiff brought this action for damages for labor performed and materials sold and delivered and to enforce a lien on real property. The case was tried without a jury. From a judgment for defendants, plaintiff appeals. We affirm.

*Richard A. Cohan and Lacy W. Blue for plaintiff appellant.*

*Farris, Mallard & Underwood, by Charles H. Cranford, for defendant appellees First Atlantic Corporation and Arthur J. Baer.*

*Walker, Palmer & Miller, by Bryan W. Pittman, for defendant appellees Marcus C. Phileman and Mary L. Phileman.*

MARTIN (Harry C.), Judge.

The trial court found as facts in its judgment the following: Plaintiff had an express contract with Arrowood-Morgan Construction, Inc. to furnish certain labor and materials to be used in the construction of a house by Arrowood-Morgan Construction, Inc. on property owned by it. The labor and materials were provided by plaintiff on 19 May 1976 and 24 June 1976. Later, 25 June 1976, the real property was conveyed by Arrowood-Morgan to defendants Phileman, who, on the same date, gave a deed of trust to defendant Baer, Trustee for defendant First Atlantic Corporation. On 16 August 1976, plaintiff filed a notice of lien against the property conveyed to defendants Phileman based upon the

labor and materials furnished Arrowood-Morgan. None of defendants contracted or promised to pay plaintiff for the labor and materials.

Plaintiff excepted to one finding of fact by the trial court. However, it abandoned this exception in its brief. Where exceptions are not taken to the findings of fact, such findings are presumed to be supported by competent evidence and are binding on appeal. *Schloss v. Jamison*, 258 N.C. 271, 128 S.E. 2d 590 (1962).

Plaintiff does except to the conclusions of law by the trial court that plaintiff is not entitled to a money judgment against any of the defendants; that plaintiff's lien must be based upon a money judgment, and to cancelling the notice of lien and dismissal of plaintiff's case.

Plaintiff alleges an express contract with Arrowood-Morgan for the labor and materials. Arrowood-Morgan was then the owner of the real property upon which the lien is sought and constructed the improvements upon the property. Arrowood-Morgan is not a party to this action. There is no allegation or proof of any judgment against Arrowood-Morgan. Plaintiff has not proven any contractual relationship with any defendant. The trial court was correct in holding plaintiff was not entitled to a money judgment against any of the defendants.

"A laborers' and materialmen's lien arises out of the relationship of debtor and creditor, and it is for the debt that the lien is created by statute. Without a contract the lien does not exist." *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 174, 84 S.E. 2d 828, 832 (1954). The debt is the principal, the basis, the foundation upon which the lien depends. The lien is but an incident, and cannot exist without the principal. *Brown v. Ward*, 221 N.C. 344, 20 S.E. 2d 324 (1942). Plaintiff must prove it is entitled to damages under a contract for labor and materials before it is entitled to enforcement of the lien. This, plaintiff has failed to do. *Electric Co. v. Robinson*, 15 N.C. App. 201, 189 S.E. 2d 758 (1972).

The trial court's conclusions of law are supported by the findings of fact and are proper. Plaintiff's assignments of error are overruled.

Affirmed.

Judges VAUGHN and ERWIN concur.