LOWE'S OF FAYETTEVILLE, INC. v. RICHARD QUIGLEY AND WIFE, SANDRE QUIGLEY

No. 7911SC982

(Filed 20 May 1980)

1. **Laborers' and Materialmen's Liens § 7; Sales § 10.1— defective notice of materialman's lien—effect on action for goods sold and delivered**

   The dismissal of a suit because plaintiff's notice of claim of a materialman's lien was fatally defective was improper where the complaint, in addition to averring the lien and praying for its foreclosure, stated a claim for relief for a personal judgment against defendants for goods sold and delivered.

2. **Sales § 10.2— action for goods sold and delivered—summary judgment improper**

   The trial court erred in entering summary judgment for defendants in an action to recover an indebtedness arising out of an unpaid account for building materials sold to defendants where defendants failed to carry their burden as movants of establishing the lack of any triable issue of fact.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 12 June 1979 in Superior Court, HARNETT County. Heard in the Court of Appeals 16 April 1980.

Plaintiff's complaint alleges that the plaintiff sold and delivered to the defendants, on an account guaranteed by the defendants, certain building materials to be used in the construction of a home on the defendants' lot; that the defendants have failed to pay $20,010.14 due on this account; and that the plaintiff has filed, pursuant to Chapter 44 of the General Statutes a Notice of Claim of Lien. Plaintiff prayed for judgment in the amount of $20,010.14 with interest, for costs to be taxed, for the judgment to be declared a lien on the property, and for the sale of the property with the proceeds to be applied to pay the judgment and costs. A guaranty agreement, statements of account and notice of claim of materialmen's lien were attached to the complaint.

Defendants' answer moved to dismiss the complaint under Rule 12; denied the material allegations in the complaint except as to defendants' ownership of the real property; and, as a further defense, alleged that the building materials were sold to a contractor, Henry M. Eaton and Eaton and Son Builders, Inc.; that defendants have no actual knowledge of what, if any, of the materials may have been secured from plaintiff by Eaton; and that a substantial portion of the materials have never been delivered to the premises or placed in defendants' possession. Defendants prayed that plaintiff recover nothing, that plaintiff's claim of lien be denied, and that notice of the lien be stricken from the public record.

Defendants moved for judgment on the pleadings and, in the alternative, for partial judgment on the pleadings on the grounds that plaintiff's purported notice of claim of materialmen's lien is deficient. Defendants also moved for summary judgment; and, in the alternative, for partial summary judgment as to plaintiff's claim for enforcement of the defective lien.

The court entered an order allowing defendants' motion for summary judgment and for judgment on the pleadings as to the purported notice of claim of lien, and ordering the Superior Court Clerk to cancel that notice. The court also allowed defendants' motion for summary judgment and for judgment on the pleadings as to plaintiff's action to enforce the notice of claim of lien; and the court dismissed the plaintiff's action. In footnote 1 to its judgment, the court noted that the notice of claim of lien did not meet the statutory requirements of G.S. § 44A-12(c)3 because the property therein described was not the property to which the materials were allegedly supplied, and the notice did not meet the requirements of G.S. § 44A-12(c)5(a) because the date of the last alleged furnishing of materials was not included in the notice. Since the notice was fatally defective, the court stated that plaintiff's action to enforce it must also fail. Plaintiff gave notice of appeal. Subsequently the parties stipulated that plaintiff was not appealing from those portions of the court order as they relate to plaintiff's action to enforce the claimed lien.

*Clark, Shaw, Clark & Bartelt by Heman R. Clark, for the plaintiff.*

*Johnson & Johnson, by W. Glenn Johnson, for the defendants.*

MARTIN (Robert M.), Judge.

The plaintiff by its first assignment of error contends that because its complaint states a claim for relief for indebtedness arising out of the unpaid account, the court erred in allowing defendants' motion for judgment on the pleadings and summary judgment and in dismissing plaintiff's entire cause of action when the notice of claim of lien was fatally defective.

It is well settled that "[t]he statutory lien is incident to and security for a debt. There can be no lien in the absence of an underlying debt." *Eason v. Dew*, 244 N.C. 571, 574, 94 S.E. 2d 603, 606 (1956). "A laborers' and materialmen's lien arises out of the relationship of debtor and creditor, and it is for the debt that the lien is created by statute. Without a contract the lien does not exist." *Clark v. Morris*, 2 N.C. App. 388, 391, 162 S.E. 2d 873, 874 (1968), quoting *Air Conditioning Co. v. Douglass*, 241 N.C. 170, 84 S.E. 2d 828 (1954).

"Enforcement of a mechanic's lien is not the exclusive remedy in regard to the obligation which such lien secures. The enforcement of the lien is a cumulative remedy provided by statute . . . and may be pursued in connection with ordinary remedies. The lienor may proceed to enforce his lien and simultaneously bring an action to recover a personal judgment for the amount due." 53 Am. Jur. 2d Mechanics' Liens § 340 (1970). The rule regarding the right to a personal judgment is further set out as follows:

> Many cases hold that in an action to foreclose a mechanic's lien, a personal judgment may be rendered against a party to the action who is liable, in addition to a judgment foreclosing the lien.
>
> *        *        *
>
> The right to a personal judgment generally is dependent on a contractual relation being shown between the plaintiff and the defendant against whom the personal judgment is sought. So, there must be a contractual relation established between the owner of property on which a lien is claimed and the lienor to support a personal judgment against the owner in an action for the foreclosure of the lien.

53 Am. Jur., *supra*, § 417. *See Lumber Co. v. Builders*, 270 N.C. 337, 340, 154 S.E. 2d 665, 667 (1967).

[1]   In the present case the complaint contains enough matter to sustain a cause of action for goods sold and delivered and to establish defendants' contractual obligation to pay for the goods. The pleading, therefore, did contain a sufficient statement of a cause of action entitling plaintiff to a personal judgment against the defendants. We hold that dismissal of a suit on account of plaintiff's inability to establish an alleged lien is improper where the complaint, in addition to averring the lien and praying for its foreclosure, states a good cause of action for labor performed or materials supplied.

[2]   The plaintiff by its second assignment of error contends that the court erred in granting summary judgment in favor of defendants on the merits as to plaintiff's claim for relief for indebtedness arising out of the unpaid account.

In support of their motion for summary judgment defendants submitted the affidavit of defendant Sandre Quigley indicating that the mortgage corporation from which she and her husband obtained a construction loan has refused to allow release of funds for the completion of improvements until the notice of claim of lien is removed from the record, and that the notice has created a substantial hardship for defendants. Plaintiff submitted no counter affidavit but relied on its complaint which was verified by its credit manager. Defendants argue that although the affidavit of Sandre Quigley deals predominately with the notice of claim of lien, plaintiff is not entitled to rely on the allegations contained in its complaint once defendants' motion was properly filed and served. Because plaintiff relied on its complaint, defendants contend that plaintiff cannot be heard to complain of an adverse ruling. Defendants clearly misperceive the burden of the party moving for summary judgment.

First, a verified complaint may be treated as an affidavit if it meets the requirements of the rule for affidavits. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972). Second, it is not necessary to decide in this case whether or not plaintiff's verified complaint qualifies as an affidavit. Even if it does not meet the requirements of the rule and may not be considered, defendants still have the burden of showing that there is no triable issue of

fact and that they are entitled to judgment as a matter of law. "Hence, plaintiff may yet succeed in defending against the motion for summary judgment if the evidence produced by the movant and considered by the court is insufficient to satisfy the burden." *Id.* at 705, 190 S.E. 2d at 194.

Thus, considering only the supporting documents of defendants, we conclude that the granting of summary judgment was erroneous. Defendants have failed to carry the movant's burden of establishing the lack of any triable issue of fact on defendants' alleged indebtedness to plaintiff.

Reversed.

Judges WEBB and HILL concur.