CALDWELL'S WELL DRILLING, INC. v. JAMES KENNETH MOORE AND WIFE, MARY JANE MOORE, CHARLES L. McFARLAND AND SANDRA McFARLAND

No. 8524DC1095

(Filed 18 March 1986)

**1. Rules of Civil Procedure § 15.1— denial of motion to amend complaint—no abuse of discretion**

The trial court did not abuse its discretion in denying plaintiff's motion to amend its complaint to reflect allegations made in the answer where the answer was filed on 4 January 1985, plaintiff did not make its motion to amend until 22 April 1985, and there was nothing in the record to indicate why plaintiff waited so long to make its motion.

**2. Laborers' and Materialmen's Liens § 8— no underlying debt—no lien**

Where plaintiff sought a personal judgment against the first defendants based on its contract to drill a well on certain property and to have the personal judgment against the first defendants declared to be a specific lien on the property allegedly conveyed by the first defendants to the second defendants, but plaintiffs took a voluntary dismissal against the first defendants, and there was no allegation that the second defendants were indebted to plaintiff in any amount, the trial court did not err in dismissing plaintiff's claim against the second defendants, since there could be no lien in the absence of an underlying debt.

Judge WEBB dissenting.

APPEAL by plaintiff from *Lacey, Judge.* Judgment entered 23 April 1985 in District Court, MADISON County. Heard in the Court of Appeals 5 March 1986.

This is a civil action wherein plaintiff seeks a judgment against defendants, Charles and Sandra McFarland (hereinafter the McFarlands), for $6,760.00 and to have the judgment declared a lien against property owned by defendants James Kenneth Moore and Mary Jane Moore (hereinafter the Moores).

In its complaint, plaintiff alleged that it contracted with the McFarlands to drill a well in property owned by the McFarlands.

Plaintiff further alleged that the property was conveyed by the McFarlands to the Moores. There is no allegation in the complaint as to when the McFarlands conveyed the property to the Moores. Plaintiff also alleged that the last drilling on the property had been performed on 12 August 1983 and that the claim of lien was filed on 7 December 1983. The Moores filed an answer and a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(1), (2) and (6). The McFarlands also filed an answer and a Rule 12(b)(6) motion to dismiss.

At the hearing on defendants' motions to dismiss, plaintiff announced that it would voluntarily dismiss its claim against the McFarlands and moved to amend its complaint to allege that the McFarlands acted as agents for the Moores. The trial judge denied plaintiff's motion to amend and allowed the Moores' motion to dismiss. From an order dismissing plaintiff's claim against the Moores, plaintiff appealed.

*Stephen Barnwell for plaintiff, appellant.*

*Briggs and Ball, by Forrest F. Ball, for defendants Moores, appellees.*

HEDRICK, Chief Judge.

[1] Plaintiff contends that the trial court erred in denying its motion to amend its complaint. After the statutory time for amending pleadings as a matter of course has elapsed, a motion to amend a complaint pursuant to G.S. 1A-1, Rule 15(a) is addressed to the sound discretion of the trial judge and the denial of such motion is not reviewable on appeal absent a clear showing of abuse of discretion. *Smith v. McRary*, 306 N.C. 664, 295 S.E. 2d 444 (1982). In the present case, there is no showing that the trial court abused its discretion in denying the motion to amend plaintiff's complaint made when the case came on for hearing on defendants' 12(b) motions to dismiss. In their answer, the McFarlands alleged that they were acting as agents for the Moores in contracting with plaintiff to drill the well. The answer containing this information was filed on 4 January 1985 and plaintiff did not make its motion to amend to allege that the McFarlands were acting as agents of the Moores until 22 April 1985. There is nothing in the record to indicate why plaintiff waited so long to make its motion to amend. This assignment of error has no merit.

[2] Plaintiff also contends that the trial court erred in dismissing its claim against the Moores to have a lien imposed on the property. It is well settled that a statutory lien pursuant to Chapter 44A of the General Statutes "is incident to and security for a debt. There can be no lien in the absence of an underlying debt." *Lowe's v. Quigley*, 46 N.C. App. 770, 772, 266 S.E. 2d 378, 379 (1980) (citation omitted). Without a contract, the lien does not exist. *Id.* Plaintiff has the burden of showing not only that it performed labor or furnished materials for the making of an improvement on defendants' property, but also that the labor was performed or the materials were furnished pursuant to a contract, either express or implied, with the owners of the property. G.S. 44A-8; *Electric Co. v. Robinson*, 15 N.C. App. 201, 189 S.E. 2d 758 (1972).

In the present case, plaintiff sought a personal judgment against the McFarlands based on its contract to drill a well on the property and to have the personal judgment against the McFarlands declared to be a specific lien on the property allegedly conveyed by the McFarlands to the Moores. There is no allegation in the complaint that the Moores are indebted to plaintiff in any amount. If plaintiff had pursued its claim for a personal judgment against the McFarlands and had protected its claim of lien against the property in accordance with the statute, it would be entitled to have any personal judgment obtained against the McFarlands pursuant to the contract for the drilling of the well declared to be a specific lien against the property wherein the well was drilled. Plaintiff, however, did not preserve its claim against the McFarlands. It abandoned its claim for a personal judgment based on the contract to drill the well by taking a voluntary dismissal of its claim against the McFarlands. Thus, when the trial judge granted the Moores' 12(b) motion to dismiss, there was no debt or judgment to be secured by a lien on the property in question. Since the court necessarily considered matters outside the pleadings, the voluntary dismissal of plaintiff's claim for personal judgment against the McFarlands, the 12(b)(6) order was converted to a summary judgment for defendants Moores with respect to the dismissal of plaintiff's claim to have a lien imposed on the property. G.S. 1A-1, Rule 12(b).

The order appealed from is affirmed.

Affirmed.

Judge PARKER concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. Article X § 3 of the Constitution of North Carolina requires that the General Assembly shall provide that mechanics and laborers have an adequate lien on the subject matter of their labor. Pursuant to this constitutional mandate the General Assembly has adopted G.S. 44A-8 which provides:

> Any person who performs or furnishes labor or professional design or surveying services or furnishes materials pursuant to a contract, either express or implied, with the owner of real property for the making of an improvement thereon shall, upon complying with the provisions of this Article, have a lien on such real property to secure payment of all debts owing for labor done or professional design or surveying services or material furnished pursuant to such contract.

The complaint alleges that the work done and materials furnished were pursuant to a contract with the McFarlands who then owned the property. This should comply with the statute. In light of the constitutional mandate that mechanics and laborers should have a lien on the subject of their work I would not extend the statutory requirement, as we have done in this case, to require that the plaintiff be able to get a money judgment against the person who made the contract.

I vote to reverse.