MERRILL, LYNCH v. PATEL

[98 N.C. App. 134 (1990)]

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., PLAINTIFF v. BALDEV
G. PATEL, DEFENDANT

No. 8928SC442

(Filed 3 April 1990)

**1. Rules of Civil Procedure § 50.2 (NCI3d)— verdict directed
for party with burden of proof—no error**

In an action to recover from defendant money allegedly
owed to plaintiff as the result of an overdue investment ac-
count maintained by defendant with plaintiff, the trial court
did not err in directing a verdict for the party with the burden
of proof since plaintiff established its claim through documen-
tary evidence, the correctness and authenticity of which de-
fendant did not dispute, and defendant admitted the basic
facts upon which plaintiff's claim depended.

**Am Jur 2d, Trial §§ 483, 484, 493, 519, 520.**

**2. Rules of Civil Procedure § 15.1 (NCI3d)— motion to amend
answer—motion to file counterclaim—denial proper**

The trial court did not err in refusing to allow defendant
to amend his answer and file a counterclaim where defendant
filed his motions more than six months after the filing of
plaintiff's complaint and less than one month before trial; the
motions would have changed a simple action on an account
into a complex action based on new legal theories and dealing
with alleged security violations; and this would have resulted
in the need for greatly increased trial preparation by plaintiff
to its prejudice.

**Am Jur 2d, Counterclaim, Recoupment, and Setoff § 29;
Pleading §§ 310, 312, 315, 322.**

**3. Brokers and Factors § 4 (NCI3d)—liquidation of stock account—
issue not pleaded—evidence properly excluded**

The trial court did not err in excluding testimony of two
of defendant's witnesses as to whether plaintiff should have
liquidated defendant's stock sooner, since the issue of whether
plaintiff acted improperly in the handling of defendant's ac-
count was not pleaded and not properly before the trial court,

and the testimony of the witnesses was therefore irrelevant to the matters raised by the pleadings.

**Am Jur 2d, Pleading § 127.**

APPEAL by defendant from judgment entered 13 October 1988 by *Judge Robert E. Gaines* in BUNCOMBE County Superior Court. Heard in the Court of Appeals 7 November 1989.

Plaintiff brought this civil action on 12 January 1988, seeking to recover from defendant the sum of $44,423.76 plus interest, costs and attorney fees allegedly owed to plaintiff as the result of an overdue investment account maintained by defendant with the plaintiff corporation ("Merrill Lynch"). Defendant filed responsive pleadings, and on 6 June 1988, plaintiff moved for summary judgment. Defendant orally moved to amend his answer and to bring a counterclaim. On 8 July, the trial court denied both parties' motions. Defendant renewed his motions in writing, and his motions were again denied. This matter was heard before a jury, and at the close of all the evidence, the court directed a verdict for plaintiff. Defendant appeals.

In July of 1985, defendant entered into a customer agreement with plaintiff which enabled defendant to purchase stocks "on margin," using cash or the value of stock already owned as collateral for new purchases. Defendant was required to maintain a certain percentage of equity in his account in order to buy on margin. If he failed to do so, Merrill Lynch, pursuant to certain in-house policies and requirements of the New York Stock Exchange, was to sell stock in defendant's account to raise the needed equity. In October of 1987, defendant's stock began to plummet. He failed to meet margin calls issued by Merrill Lynch. On 23 October, Merrill Lynch sold the stock in defendant's account to meet the margin calls. Based on the amount received in the stock transaction, Merrill Lynch calculated that defendant's account was in arrears $44,423.76.

*Adams, Hendon, Carson, Crow & Saenger, P.A., by George Ward Hendon and Lori M. Glenn, for plaintiff-appellee.*

*Donald O'Brien Mayer for defendant-appellant.*

MERRILL, LYNCH v. PATEL

[98 N.C. App. 134 (1990)]

JOHNSON, Judge.

[1] By his first Assignment of Error, defendant contends that the trial court erred in directing a verdict for plaintiff, which had the burden of proof. We disagree. Our Supreme Court has held that "there are neither constitutional nor procedural impediments to directing a verdict for the party with the burden of proof where *the credibility of movant's evidence is manifest as a matter of law*." *Bank v. Burnette*, 297 N.C. 524, 537, 256 S.E.2d 388, 396 (1979). While recognizing that the establishment of credibility as a matter of law depends on the evidence in a particular case, the Court in *Burnette* went on to enumerate three recurring situations in which credibility is manifest:

> (1) Where non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests.

> (2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents.

> (3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has "failed to point to specific areas of impeachment and contradictions."

*Id.* at 537-38, 256 S.E.2d at 396 (citations omitted).

We note at the outset that plaintiff has alleged the existence of an account with a debit balance and the exact amount owing on the account. Defendant admits the existence of the account and that the debt was properly calculated. Second, the evidence offered by plaintiff of the debt is documentary, and defendant does not dispute the authenticity or correctness of the documents.

The only issue raised by defendant regarding the amount due is his contention that Merrill Lynch acted improperly in failing to sell his stocks earlier when they would have brought a higher price. However, these allegations were not raised by defendant in his answer. Pursuant to our "notice theory of pleading," a case must be tried on the issues raised by the pleadings. *Gilbert v. Thomas*, 64 N.C. App. 582, 307 S.E.2d 853 (1983). We do not find this to be a situation in which the issue of a possible breach of contract was tried by implied consent. Therefore, we must conclude that defendant's argument that Merrill Lynch should have sold

MERRILL, LYNCH v. PATEL

[98 N.C. App. 134 (1990)]

his stock sooner is irrelevant to the disposition of this matter. We find that the trial court did not err in directing a verdict for the party with the burden of proof in this case since plaintiff established its claim through documentary evidence, the correctness and authenticity of which defendant did not dispute, and defendant admitted the basic facts upon which plaintiff's claim depends.

[2] Next, defendant argues that the trial court erred in refusing to allow him to amend his answer and file a counterclaim. We find no error.

After the statutory period for amending has expired, G.S. sec. 1A-1, Rule 15(a) provides that leave to amend shall be freely given "when justice so requires." A motion to amend may be denied for "(a) undue delay, (b) bad faith, (c) undue prejudice, (d) futility of amendment, and (e) repeated failure to cure defects by previous amendments." *Martin v. Hare*, 78 N.C. App. 358, 361, 337 S.E.2d 632, 634 (1985). Further, the trial court has broad discretion in ruling on motions to amend, *Banner v. Banner*, 86 N.C. App. 397, 358 S.E.2d 110, *disc. rev. denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), and its ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. *Caldwell's Well Drilling, Inc. v. Moore*, 79 N.C. App. 730, 340 S.E.2d 518 (1986).

In the instant case, plaintiff brought the action on 12 January 1988. Defendant did not file his motion for leave to amend and to file a counterclaim until 20 July 1988, over six months after the filing of plaintiff's complaint. At the time of defendant's motion, the matter had been calendared for trial on 15 August 1988 since May. At the late date of less than a month before trial and over six months since institution of the suit, defendant's motion would have changed a simple action on an account into a complex action based on new legal theories and dealing with alleged security violations. This would have resulted in the need for greatly increased trial preparation by plaintiff to his prejudice. Defendant argues that plaintiff could have obtained a continuance and would have received interest during the delay, thereby curing any prejudice to plaintiff. We agree with plaintiff, however, that as the amount claimed increases by the accrual of interest, so does the risk that plaintiff will be unable to collect the debt if its action is successful. Defendant has failed to carry his burden of proving that the trial court abused its discretion in denying his motion to amend.

**[3]**  Last, defendant argues that the trial court erred in excluding the testimony of two of his witnesses which, defendant contends, would have demonstrated that plaintiff failed to comply with industry standards in handling defendant's account. Again, defendant is referring to his argument that plaintiff should have liquidated his shares of stock sooner.

"It is elementary that evidence not supported by factual allegations is properly excluded by the trial court." *Briggs v. Morgan*, 70 N.C. App. 57, 60, 318 S.E.2d 878, 881 (1984). We concluded above that the issue of whether Merrill Lynch acted improperly in the handling of defendant's account was not pleaded and not properly before the trial court, and that the court did not err in denying defendant's motion to amend. Consistent with this analysis, we determine that the court acted properly in excluding the testimony of the two witnesses in question since their testimony was irrelevant to the matters raised by the pleadings.

For all the foregoing reasons, we hold that the defendant received a fair trial free of prejudicial error.

Affirmed.

Judges COZORT and LEWIS concur.