## S06A1109. RICE v. THE STATE.
### (635 SE2d 707)

THOMPSON, Justice.

Lawrence Rice has been charged with the murders of Connie and Ethan Mincher and with related crimes. The State has given notice of its intent to seek the death penalty. This Court granted Rice's application for interim review and directed the parties to address the following three issues: whether the trial court erred in denying Rice's motion concerning the composition of the grand and traverse jury lists; whether the trial court erred in ruling that the pretrial deposition testimony of Trevor Mincher would be admissible at trial; and whether the trial court erred in refusing to allow a second pretrial deposition of Lillian Heaton. We find no error and, therefore, affirm.

1. Rice contends that the lists from which his grand jury was drawn and from which his traverse jury will be drawn are unconstitutional because they under-represent Hispanic persons. Such jury composition claims, whether based on the Fourteenth Amendment's equal protection clause, the Sixth Amendment's fair cross-section requirement, OCGA § 15-12-40, or the Unified Appeal Procedure, require both a showing that the group which allegedly is under-represented is a distinctive, cognizable group in the community and a showing of actual under-representation. See *Ramirez v. State*, 276 Ga. 158 (575 SE2d 462) (2003). We need not address the trial court's finding regarding whether Hispanic persons are a cognizable group in Cobb County in order to decide Rice's jury composition claim, because we find that he failed to show any actual under-representation of Hispanic persons.

Rice presented expert testimony by a statistician regarding the representation of Hispanic persons on Cobb County's jury lists. The expert testified that he had undertaken a "surname review," which he testified was "a standard census bureau technique" for estimating the number of Hispanic persons in a given population. The expert concluded as follows:

> There's underrepresentation if you are using the total population numbers, and there's not if you are using adjusted-for-citizenship numbers for Hispanic or Latinos.

A review of the exhibits admitted at the hearing supports this conclusion and shows, in fact, a slight *over*-representation of Hispanic persons who are citizens in comparison to the total population of citizens in Cobb County. Because Rice's own expert testimony showed that there was no under-representation of Hispanic *citizens*, the trial court did not err in denying Rice's jury composition claims regarding that group. See *Smith v. State*, 275 Ga. 715, 725 (5) (571

SE2d 740) (2002) (holding that citizenship is properly considered in jury composition claims).

2. On March 9, 2005, the State filed a motion seeking to take the pre-trial deposition of Trevor Mincher, who is the husband of the female victim and also the father of the young male victim. The motion was set down by rule nisi for a hearing on March 16, 2005. Trevor Mincher testified at the hearing that he had been diagnosed with esophageal cancer and that his cancer had metastasized and had moved through the lymph system to his spinal cord and to other places in his body. Mincher testified that his doctors had not declared his case hopeless but that he believed they would never express a complete lack of hope to him, even if no hope really existed. The trial court found that Mincher's medical condition satisfied the requirements of OCGA § 24-10-130 for the taking of pretrial depositions to preserve testimony in criminal proceedings. Rice then asked for a continuance of the actual deposition, stating that the defense had received only six days' notice of the State's intent to depose the witness. The trial court acknowledged that Rice would "need adequate time to prepare for cross-examination" but, nonetheless, ordered that the State would proceed with direct examination. The trial court then discussed the witness' schedule with him and set the cross-examination portion of the deposition for March 31, 2005. After its direct examination, the State asked that Rice be required at least to begin his cross-examination. The trial court denied that request without awaiting any comment by Rice, stating, "Given the amount of time that they have had notice, I'm not going to require them to do that." Rice raised no objection to the trial court's ruling, which in effect simply reiterated its prior ruling granting Rice's request for a continuance. Rice certainly made no request to cross-examine Mincher that day.

Before the scheduled date for the completion of Mincher's deposition, the prosecutor called defense counsel to inform him that Mincher had taken a turn for the worse, was in the intensive care unit, and was not likely to live long. Mincher died several hours later. Because Mincher was obviously no longer available for cross-examination, Rice moved to exclude Mincher's direct examination testimony based on *Crawford v. Washington,* a case in which the Supreme Court of the United States, overruling its own precedent, held that testimonial statements may not be admitted against a criminal defendant unless the defendant had "a prior opportunity for cross-examination." *Crawford v. Washington,* 541 U. S. 36, 68 (V) (C) (124 SC 1354, 158 LE2d 177) (2004). The trial court denied Rice's motion to exclude Mincher's testimony, stating:

> There was an opportunity to cross-examine Mr. Mincher. There was notice. The Defense chose not to cross-examine him. . . . It was clear when he was sitting here that the man wasn't well. I don't expect anybody anticipated his demise before we finished the deposition. I certainly didn't. I would have scheduled it sooner if I had.

We agree with the trial court that Rice waived his opportunity to cross-examine Mincher on the day of his deposition. Rice was on notice from the statute governing pretrial depositions that the trial court could order that the deposition occur at *any* time within 30 days of the hearing. See OCGA § 24-10-130 (f). Although Rice's opportunity for cross-examination was perhaps not ideal given the fact that he had only six days' notice of the hearing, we find that Rice was afforded a sufficient opportunity for cross-examination and that the lack of cross-examination in this case is the result of his waiving that opportunity. Accordingly, we find that the trial court did not err in ruling that Trevor Mincher's deposition is admissible at trial.

3. Lillian Heaton lived next door to the victims on the date of the murders. Her deposition was taken on the State's motion and with Rice's consent. On cross-examination, defense counsel asked Heaton to name all the medications she was taking. Among the drugs she named was Neurontin. Defense counsel asked Heaton if that drug affected her memory, and she answered, "No." The trial court repeatedly directed defense counsel to consult with his client and with co-counsel before finally accepting counsel's statement that he had no further cross-examination. Approximately ten months after the deposition, Rice filed a motion for a second deposition, alleging that he first learned of Heaton's prescription drug use at the deposition and now believed that the medication could have affected her memory. The trial court denied the motion.

There appears to be no case law regarding when, if ever, a trial court is required to permit a second pretrial deposition of a witness who could die before trial or become too ill to attend trial. However, the case law governing when a trial court may allow or refuse to allow a witness to be recalled as a witness *at trial* seems instructive, and that case law shows that the decision is within the trial court's discretion. See *Ivey v. State*, 277 Ga. 875, 877 (4) (a) (596 SE2d 612) (2004); *Smith v. State*, 261 Ga. App. 871, 875 (3) (583 SE2d 914) (2003). In light of the fact that Rice had already questioned Heaton about the medications she was taking and whether in her subjective judgment her memory was affected by her medications, we find no abuse of discretion in the trial court's decision not to allow additional pretrial cross-examination of her.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Mitchell D. Durham, Marc D. Cella,* for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Dana J. Norman, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.